1 | KENNETH D. SISCO, ESQ.
State Bar No. 69814
2 | 3574 Bluff Street
Norco, California 92860
3 | 714 265-7766
skendbiz@gmail.com
4 |
5 | Attorney for Defendants,
Sky High Sports entities
6 |
7 |
8 | UNITED STATES DISTRICT COURT
9 | EASTERN DISTRICT OF CALIFORNIA
10 |

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SKY HIGH SPORTS LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS CONCORD LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS NASHVILLE LLC, a Nevada and Tennessee Limited Liability Company, SKY HIGH SPORTS ONTARIO LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS OPPORTUNITIES LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS ORANGE COUNTY LLC, a California and Nevada Limited liability Company, SKY HIGH SPORTS SACRAMENTO LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS SANTA CLARA LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS SEATTLE LLC, a Nevada and Washington Limited Liability Company, and DOES 1-20 inclusive,<br><br>Defendants. | Case No. 2:14-cv-02086 GEB DAD<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; DECLARATION OF ROLLAND WEDDELL**<br><br>DATE:    April 27, 2015<br>TIME:    9:00 a.m.<br>DEPT:    Courtroom 10 |

1

## I. INTRODUCTION

By this motion, Kinsale seeks summary judgment, or in the alternative, summary adjudication, on its claims for Declaratory Relief And Breach of Contract and for a judicial declaration and that, as a matter of law: 1) that the defendants have breached the policies by failing to provide original books and records for inspection pursuant to the premium audit provisions of the Sky High Policies; and, 2) order that defendants comply with the Sky High Policies and provide original books and records for inspection pursuant to premium audit provisions of said policies.

The problem is that Kinsale seeks the original books and records of separate and independent companies, that Kinsale does not insure.

## II. SUMMARY JUDGMENT STANDARD AND STANDARD OF REVIEW

Defendants have no quarrel with Plaintiff's "Standard," but believes that the issue before the court is not the interpretation of a contract, or an insurance policy, but instead, as to whether the contract or the policies in question, have any effect, as to companies that Kinsale does not insure.

## III. FACTS

As set forth in the Plaintiff Kinsale's Complaint, all of the named Sky High Sports, entity defendants, have obtained insurance coverage through Plaintiff Kinsale.

Except for Sky High Sports, LLC and Sky High Sports Opportunities, LLC, each of the named Sky High Sports entity Defendants, are owners of trampoline equipment, trampoline structures, and recreational devices, and are hereinafter referred to as "Owners."

In exchange for a fixed monthly fee, the Owners provide trampoline equipment, trampoline structures and recreational devices, to separate and independent companies to provide trampoline related, recreational services to the public.

These separate and independent companies, are responsible for their own operations, and maintaining their own business and financial records for those

operations.

The Owners did not provide any trampoline related, recreational services to the public, and received no payment from the public, and therefore have no financial records reflecting any payment or income from the operation of trampoline related, recreational services to the public.

The accountants and bookkeepers, for the named Sky High Sports entity Defendants, including all of the Owners, have provided to Kinsale, all their financial records, as required to be provided pursuant to the terms of the insurance policies.

See Declaration of Rolland Weddell, attached hereto.

### IV.   THE KINSALE INSURANCE POLICIES

On page 8 at line 5, of Moving Party's Memo of Points and Authorities, it is stated that,

> The defendants' Kinsale premiums are applied per $1,000 of Gross Sales. The Kinsale policies describe the Gross Sales basis of premium as follows:
> F.   Gross Sales
>     1.   Definition
> The gross amount charged by the named insured, concessionaires of the named insured or by others trading under the insured's name for: ...

In the instant matter, the gross amount charged by the named insured, was the fixed monthly fee charge to a separate and independent company for the right to use trampoline equipment, trampoline structures and recreational devices, to provide trampoline related, recreational services to the public.  The insured had no concessionaires, and no business or individuals traded under the name of the insured.

### V.   ARGUMENT

Kinsale is demanding that their insured turn over the records of their insured's customer or client.  The Moving Party has provided no authority that the law allows that, much less requires it.

### A. A Contract Between the Parties Existed

There is no question that a contract existed between Kinsale and its insured; but there is no evidence whatsoever, that there is a contract between Kinsale and the separate and independent company that is providing trampoline related, recreational services to the public.

### B. Defendants Welcome Interpretation of the Policy According to Plain Wording.

The policy clearly provides that the premium charged to the insured is based on gross sales and gross sales is "The gross amount charged by the named insured, concessionaires of the named insured or by others trading under the insured's name …" The only amount that falls within that definition, is the fixed monthly charge to a separate and independent company. That charge has been fully and disclosed to, and audited by Kinsale.

### C. The Defendants Have Complied with Its Obligations Under The Insurance Policies.

Moving Party is not satisfied with the "source records" of its insured. It is demanding the source records of a separate and independent, company; it has no right to do so.

//

//

//

//

**D. DECLARATORY RELIEF**

Defendants would welcome a declaration from the Court that one Limited Liability Company cannot be compelled to turn over the records of another Limited Liability Company.

**VI. CONCLUSION**

For the reasons set forth above, it is respectfully submitted that Plaintiff's Motion for Summary Judgment should be denied. Indeed, on the facts before the Court, Summary Judgment should be granted in favor of Defendants.

Dated: March 18, 2015

Kenneth D. Sisco, Attorney for Sky High Sports Defendant entities

## DECLARATION OF ROLLAND WEDDELL

STATE OF NEVADA, COUNTY OF CARSON CITY

I, Rolland Weddell, state:

1. I am the Managing Member of Sky High Sports, LLC, one of the insured Defendants in this matter, and I am familiar with the day to day activities of all the Defendant, Sky High Sports entities, named herein.

2. This Declaration is in support of the Sky High Defendants' Opposition to Plaintiff's Motion for Summary Judgment.

3. As set forth in the Plaintiff Kinsale's Complaint, all of the named Sky High Sports, entity defendants, have obtained insurance coverage through Plaintiff Kinsale.

4. Except for Sky High Sports, LLC and Sky High Sports Opportunities, LLC, each of the named Sky High Sports entity Defendants, are owners of trampoline equipment, trampoline structures, and recreational devices, and are hereinafter referred to as "Owners."

5. In exchange for a fixed monthly fee, the Owners provide trampoline equipment, trampoline structures and recreational devices, to separate and independent companies to provide trampoline related, recreational services to the public.

6. These separate and independent companies, are responsible for their own operations, and maintaining their own business and financial records for those operations.

7. The Owners did not provide any trampoline related, recreational services to the public, and received no payment from the public, and therefore have no financial records reflecting any payment or income from the operation of trampoline related, recreational services to the public.

8. It is my understanding that the named Sky High entity defendants' Kinsale premiums, are applied per $1,000 of Gross Sales. The Kinsale policies describe the Gross Sales basis of premium as follows:

    F.    Gross Sales
           1.    Definition
           The gross amount charged by the named insured, concessionaires of the named insured or by others trading under the insured's name for: ...

//

9. In the instant matter, the gross amount charged by the named insured, was the fixed monthly fee charged to a separate and independent company, for the right to use trampoline equipment, trampoline structures and recreational devices, to provide trampoline related, recreational services to the public. The named insured had no concessionaires, and no business or individuals traded under the name of the insured.

10. I am informed and believe that our accountants and bookkeepers have provided to Kinsale all the financial records for the named Sky High Sports entity Defendants, including all of the Owners, that are required to be provided pursuant to the terms of the insurance policies.

The facts stated above are true and of my own personal knowledge. If called upon to testify to the above, I could competently do so.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 18, 2015

_[signature]_
ROLLAND WEDDELL