ROBERT J. ROMERO (SBN 136539)
EDWARD F. DONOHUE (SBN 112730)
CRISTINA L. PIECHOCKI (SBN 291860)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:   415-362-6000
Facsimile:    415-834-9070

Attorneys for Plaintiff
KINSALE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>SKY HIGH SPORTS LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS CONCORD LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS NASHVILLE LLC, a Nevada and Tennessee Limited Liability Company, SKY HIGH SPORTS ONTARIO LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS OPPORTUNITIES LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS ORANGE COUNTY LLC, a California and Nevada Limited liability Company, SKY HIGH SPORTS SACRAMENTO LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS  SANTA CLARA LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS SEATTLE LLC, a Nevada and Washington Limited Liability Company, and DOES 1-20 inclusive,<br><br>        Defendants. | Case No. 2:14-cv-02086 GEB DAD<br><br>**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF THE ISSUES BY PLAINTIFF KINSALE INSURANCE COMPANY**<br><br>DATE:     April 27, 2015<br>TIME:     9:00 a.m.<br>DEPT:    Courtroom 10 |

## I. INTRODUCTION

Sky High's disingenuous opposition tries to confuse the straightforward issue presented, and rewrite the commercial general liability insurance contracts Kinsale provided this "trampoline centers" business.  Now, for the first time, Sky High contends that it merely leased trampolines.  That contention is wrong, and is defied by the extensive underwriting history and common sense.  Sky High asked for and received commercial *general liability coverage* for its trampoline business. That fact is evidenced by the underwriting documents attached to the Supplemental Declaration of Kinsale's Stuart Samuels filed with this memorandum.[1]

In short, Sky High cannot rewrite the insurance contracts to escape its contractual obligation to account for all the revenues it generated at the various insured locations of its many trampoline centers that were scheduled locations under the Kinsale policies.   Kinsale has the absolute right to examine Sky High's source financial records to perform a premium audit.  Each defendant named in this lawsuit is bound by the provisions of the Sky High policies. Kinsale's motion must be granted.

## II. ARGUMENT

### A. Sky High's Effort To Recast Its Business Does Not And Cannot Defeat Kinsale's Motion

In its continued effort to thwart Kinsale's right to conduct and complete the premium audit, Sky High takes the unbelievable step of disavowing the nature of its business. Sky High's self-serving characterizations of its business are irrelevant to this motion.  More importantly, those characterizations are false.  The Court need only review the underwriting and other materials attached to Mr. Samuel's supplemental declaration.  Sky High repeatedly represented to Kinsale the nature

---

[1] Sky High did not file a Separate Statement of Undisputed Facts pursuant to Legal Rule 260(b) in opposition to Kinsale's motion.  Kinsale submits the Supplemental Declaration of Stuart Samuels in response to Sky High's disingenuous claim that it merely "rented" trampoline equipment.

2

KINSALE'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION – Case No. 2:14-CV-02086 GEB DAD

of its business as: "trampoline centers", "trampoline fitness centers", "amusement centers", "trampoline family entertainment centers", and "trampoline jump centers—open to the public for all ages." (Samuel's Supplemental Declaration at Exhibits A-F.)

Consistent with the nature of that trampoline business, Sky High had its customers sign waivers. "Insured has a formal safety program each participant signs a waiver." (Samuels Supplemental Declaration, Exhibit A.) Indeed, Sky High provided Kinsale with its "Sky High Sports Customer Release and Assumption of Risk" document as part of the underwriting process. (Samuels Supplemental Declaration, Exhibit B.) These documents underscore the obvious: Sky High operated a trampoline business for customers at the various insured locations that the Kinsale polices covered. Equally obvious and more to the point, Sky High received money from customers for that business.

The commercial general liability polices speak for themselves. Kinsale did *not* provide product liability coverage. Therefore, the notion that Sky High is not legally obligated to provide all documents that evidence the revenue it generated from its customers—who they asked to sign waivers—at the various trampoline centers is flat wrong and simply not credible in the face of the undisputed underwriting history of this account.

### B. Kinsale Has Met Its Burden On Summary Judgment

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is not required to negate elements of the nonmoving party's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990). Like here, once Kinsale has met its burden, Sky High must produce concrete evidence through affidavits, or by the depositions, answers to interrogatories, and admissions on file, to demonstrate the existence of specific

3
KINSALE'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION – Case No. 2:14-CV-02086 GEB DAD

facts that create a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In attempting to demonstrate the existence or non-existence of a genuine factual dispute, the party must support its assertion by:

> Citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations… or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact.

Fed R. Civ. P. 56(c)(1). The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient. *Anderson*, 477 U.S. at 252. Rather, it must be evidence from which a reasonable jury could return a verdict in the nonmoving party's favor. *Id.* Such evidence must be of significant "quantum or quality" and consist of "sufficiently specific facts from which to draw reasonable inferences about other material facts that are necessary elements of the nonmoving party's claim." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995) (*quoting United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1547 (9th Cir. 1989); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 631 n. 3 (9th Cir. 1987)).

**C.  Sky High Does Not Establish A Genuine Issue Of Material Fact -- Kinsale Is Contractually Entitled To All Financial Records Related To Sky High's Revenues Generated At Its Various Trampoline Centers**

Kinsale is entitled to an accounting based on original source books and records under the Sky High Policies as a matter of law. The information Sky High has provided to date is insufficient and fails to satisfy the terms of the Sky High Policies. In its motion for summary judgment, Kinsale presented extensive evidence, which demonstrated that Sky High failed to fulfill its obligations by repeatedly refusing to provide Overland with the necessary documentation to perform a premium audit.  Kinsale further showed the absence of a genuine issue

4

KINSALE'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION – Case No. 2:14-CV-02086 GEB DAD

of material fact. In return, Sky High failed to present sufficient evidence to support its contentions that Sky High has complied with its contractual obligations – offering instead unsupported misrepresentations about the nature of its business.

The Sky High Policies clearly and unambiguously give Kinsale the right to conduct direct inspections of books and records to determine the correct premiums to be charged. (UMF 4) In its motion, Kinsale exhaustively demonstrated that all of the requested materials, such as general ledgers and other source records, were never provided to Overland. (UMF 9, 11, 14-16) Sky High's refusal to cooperate prevented the completion of the audits regarding the Sky High Policies. (UMF 20)

Instead, Sky High provided secondary records mostly consisting of Profit and Loss Statements. (UMF 16) Kinsale further showed that direct access to original records is necessary to calculate the final earned premium and that the documentation provided by Sky High was wholly inadequate to calculate the "Gross Sales" of the respective policies. (UMF 5, 12-14) Sky High's refusal to cooperate prevented the completion of the audits regarding the Sky High Policies. (UMF 20)

Rather than presenting specific facts through affidavits or other recognized means, Sky High fails to cite a single legal authority or sufficient evidence to support its contentions that its conduct satisfied its obligations under the Sky High Policies.

"Audit" commonly means "a formal examination of an organization's or individual's accounts or financial situation" or "a methodical examination and review." *Merriam-Webster.com*, at http:// www.merriam-webster.com; *see Scott v. Continental Ins. Co.,* 44 Cal.App.4th 24, 30 ("It is safe to say that the 'ordinary' sense of a word is to be found in its dictionary definition.")   Furthermore, the Supreme Court of California has also defined an audit as "a verification of the financial statements of an entity through an examination of the underlying accounting records and supporting evidence… [A]n accountant reviews financial

5

statements prepared by a client and issues an opinion stating whether such statements fairly represent the financial status of the audited entity." *Billy v. Arthur Young & Co.*, 3 Cal.4th 370, 380 (Cal. 1992).  Additionally, Gaylord Wood, one of Overland's Auditors, stated in his declaration that the normal course for performing an audit is verifying records from an outside source and that it is common practice to have direct access to general ledgers and other source records when performing general liability audits and to ensure an audit's successful completion. (UMF 21, 22)

However, Sky High failed to provide the necessary underlying source records which Overland requested to complete the premium audits.  Although Sky High's opposition states that "[t]he only amount that falls within [the gross sales definition] is the fixed monthly charge to a separate and independent company" and "[t]hat charge has been fully disclosed to, and audited by Kinsale," there is no evidence offered to support these contentions. (Sky High Opposition, 4: 14-16)

Evidentiary facts are necessary to oppose a summary judgment motion; conclusory statements are insufficient. *National Steel v. Golden Eagle Ins. Co.* 121 F.3d 496, 502 (9th Cir. 502) ("Conclusory allegations of collusion, without factual support are insufficient to defeat summary judgment.")  In exchange for the liability coverage, Sky High promised Kinsale – as evidenced in the Premium Audit section of each policy -- to maintain sufficient records to complete an audit.

    c.    The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

(Samuel Decl. ¶3, Exhs. A, D-E, Commercial General Liability Coverage Form, CG 00 02 10 01, p. 11 of 16, Section 5; Samuel Decl. ¶3, Exhs. B-C, Commercial General Liability Coverage Form, CG 00 01 10 01, p. 12 of 16, Section 5 ).

Sky High's conclusory statements that it complied with its contractual obligations by providing the financial information in its possession, i.e, rental fees, is insufficient to defeat this motion. As discussed and as reflected in Stuart

6

1  Samuel's Supplemental Declaration, Sky High's claim that the requested
2  documentation necessary to complete the audits are that of other entities is a gross
3  mischaracterization. Sky High has a contractual duty to obtain the raw financial
4  data needed to complete the premium audits.

**D. Sky High's Failure To Create A Triable Issue Of Fact Is Further Reflected By Its Insufficient Response To Kinsale's Separate Statement Of Undisputed Facts.**

Sky High submits one declaration and cites the same sentence quoted below for nearly all of its attempts to show that a factual dispute exists.  In Mr. Weddell's declaration, he states, "I am informed and believe that our accountants and bookkeepers have provided to Kinsale all the financial records for the named Sky High Sports entity Defendants, including all of the Owners,  that are required to be provided pursuant to the terms for the insurance policies."  (Weddell Decl., ¶ 10) However, declarations or affidavits submitted in conjunction with a summary judgment motion must be made on personal knowledge. Fed R. Civ. P. 56(c)(4); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) ("[H]ad the [nonmoving party] put in any evidence of substance, summary judgment might have been averted. But the [nonmoving party]'s response to [the moving party]'s evidence was information and belief declarations from their counsel. Those were entitled to no weight because the declarant did not have person knowledge.")

Mr. Weddell does not have personal knowledge regarding whether the defendants provided the necessary information for Overland to perform a premium audit. Mr. Weddell has not demonstrated that he is a bookkeeper or accountant for Sky High, or that he was even present at the Overland audits.  Thus, his mere belief that Sky High has provided the necessary documentation has no evidentiary weight.

Sky High offers no other evidence or authority to support its contentions that it complied with its contractual obligations pursuant to the Sky High Policies. In fact, Sky High does not have a single citation throughout its opposition supporting

7

KINSALE'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN
THE ALTERNATIVE SUMMARY ADJUDICATION – Case No. 2:14-CV-02086 GEB DAD

its arguments. Sky High's scant presentation of evidence and conclusory statements fail to create a genuine issue of material fact for trial. For these reasons, Sky High's unsupported contentions that it complied with the contractual obligations are insufficient to meet its burden in opposing Kinsale's summary judgment motion.

## III. CONCLUSION

Sky High operates trampoline facilities that Kinsale has insured since 2011. Those many "trampoline centers" have generated revenue that directly relates to the premiums owed to Kinsale for the coverage provided. Kinsale has fulfilled its contractual obligations. Sky High cannot now attempt to recast its business as a mere leasing agent to avoid providing the documents needed to complete the audit. The financial information is owed, long overdue, and must now finally be provided.

DATED: April __20, 2015                    HINSHAW & CULBERTSON LLP

By: */s/ Robert J. Romero*
ROBERT J. ROMERO
EDWARD F. DONOHUE
CRISTINA L. PIECHOCKI
Attorneys for Plaintiff KINSALE INSURANCE COMPANY

343860v1  955912