UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>SKY HIGH SPORTS LLC, a California and Nevada Limited Liability Company; SKY HIGH SPORTS CONCORD LLC, a California and Nevada Limited Liability Company; SKY HIGH SPORTS NASHVILLE LLC, a Nevada and Tennessee Limited Liability Company; SKY HIGH SPORTS ONTARIO LLC, a California and Nevada Limited Liability Company; SKY HIGH SPORTS OPPORTUNITIES LLC, a California and Nevada Limited Liability Company; SKY HIGH SPORTS ORANGE COUNTY LLC, a California and Nevada Limited Liability Company; SKY HIGH SPORTS SACRAMENTO, a California and Nevada Limited Liability Company; SKY HIGH SPORTS SANTA CLARA LLC, a California and Nevada Limited Liability Company; and SKY HIGH SPORTS SEATTLE LLC, a Nevada and Washington Limited Liability Company, and DOES 1-20 inclusive,<br><br>        Defendants. | No. 2:14-cv-02086-GEB-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT** |

1

On November 25, 2015, Plaintiff filed a motion under Federal Rule of Civil Procedure ("Rule") 15 for leave to amend and supplement its Complaint. (ECF No. 25.) Defendants filed a statement of non-opposition to the motion on December 17, 2015, in which they also "apply to the Court ex parte for an order setting a revised scheduling order . . . due to the [anticipated] filing of Plaintiff's Amended and Supplemental Complaint." (Defs.' Notice of Non-Opp'n 2:17-19, ECF No. 26.)

Notwithstanding Defendants' statement of non-opposition, Plaintiff's motion is denied since Plaintiff does not address therein the "good cause" standard that governs a request to amend provisions of the Status (Pretrial Scheduling) Order filed on December 8, 2014, (ECF No. 10). One of the referenced provisions states: "All discovery shall be completed by December 22, 2015." (Id. at 2:20.) Since Plaintiff's motion necessarily requires modification of the Status Order, Plaintiff must first satisfy Rule 16's "good cause" standard before seeking to amend and/or supplement the Complaint under Rule 15. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) ("Once the district court file[s] a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings[, and other matters,] that rule's ["good cause"] standard[] control[s]. . . . Thus, [a plaintiff's] ability to amend [its] complaint [i]s [first] governed by Rule 16(b), not Rule 15(a).").

///
///
///

2

Further, in light of the ruling on Plaintiff's motion, decision on Defendant's ex parte request for a revised scheduling order, which is conditioned upon Plaintiff being permitted to amend and supplement its Complaint, is unnecessary.

Dated: December 17, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge