ROBERT J. ROMERO (SBN: 136539)
EDWARD F. DONOHUE (SBN: 112730)
HINSHAW & CULBERTSON, LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone: (415) 362-6000
Facsimile: (415) 834-9070
rromero@hinshawlaw.com

Attorneys for Plaintiff
Kinsale Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SKY HIGH SPORTS CONCORD LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS NASHVILLE LLC, a Nevada and Tennessee Limited Liability Company, SKY HIGH SPORTS ONTARIO LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS OPPORTUNITIES LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS SACRAMENTO LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS SANTA CLARA LLC, a California and Nevada Limited Liability Company,<br><br>　　　　Defendants. | Case No. 2:14-cv-02086-MCE<br><br>**FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR BREACH OF CONTRACT (Deductible and Premiums), MONEY DUE FOR UNPAID INSURANCE PREMIUMS, OPEN BOOK ACCOUNT, AND MONEY HAD AND RECEIVED**<br><br>**DEMAND FOR JURY TRIAL**<br><br>28 U.S.C. § 2201, *et seq.*<br>Rule 57, Fed. Rules of Civil Proc. |

　　　　PLAINTIFF Kinsale Insurance Company ("Kinsale") complains of Defendants SKY HIGH SPORTS CONCORD LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS NASHVILLE LLC, a Nevada and Tennessee Limited Liability Company, SKY HIGH SPORTS ONTARIO LLC, a California and

1

Nevada Limited Liability Company, SKY HIGH SPORTS OPPORTUNITIES LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS SACRAMENTO LLC, a California and Nevada Limited Liability Company, and SKY HIGH SPORTS SANTA CLARA LLC, a California and Nevada Limited Liability Company ("Defendants")[1] and alleges as follows:

1. Kinsale Insurance Company ("Kinsale") insured Defendants through September 2013 pursuant to five insurance contracts: (1) Commercial General Liability—Claims Made Policy No. 0100003284-0 for the period of September 21, 2011 to September 21, 2012; (2) Commercial General Liability Policy No. 0100003681-0 for the period of November 2, 2011 to November 2, 2012; (3) Commercial General Liability Policy No. 0100004175-0 for the period of December 30, 2011 to December 30, 2012; (4) Commercial General Liability-Claims Made Policy No. 0100007494-0 for the period of September 21, 2012 to September 21, 2013; and (5) Commercial General Liability—Claims Made Policy No. 0100003284-1 for the period of September 21, 2012 to September 21, 2013. (Copies of the Kinsale insurance contracts are attached collectively hereto as Exhibits 1 through 5.)

2. At all relevant times, plaintiff Kinsale was and is a corporation under the laws of the State of Arkansas whose principal place of business is located in Richmond, Virginia. Kinsale is an insurance company authorized to transact business on a non-admitted basis as a Surplus Lines carrier.

3. Kinsale alleges that at all times relevant to this Complaint, defendant Sky High Sports Concord LLC is registered as a limited liability company in California and Nevada, with a facility located at 1631 Challenge Drive, Concord, California 94520.

---

[1] Leave to amend and file this First Supplemental and Amended Complaint by Order dated May 12, 2016 (Dkt. 34).  However, Plaintiff is now advised that Sky High Sports, LLC, Sky High Sports Orange County, LLC and Sky High Sports Seattle, LLC have filed petitions for relief under Title 11 of the Bankruptcy Code. As such, they are omitted from this filing to comply with 11 U.S.C. § 362.

2

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR BREACH OF CONTRACT, MONEY DUE, OPEN BOOK ACCOUNT, MONEY HAD AND RECEIVED
3474508v1 0955912

4. Kinsale alleges that at all times relevant to this Complaint, defendant Sky High Sports Nashville LLC is registered as a limited liability company in Nevada and Tennessee, with a facility located at 5270 Harding Place, Nashville, Tennessee 37217.

5. Kinsale alleges that at all times relevant to this Complaint, defendant Sky High Sports Ontario LLC is registered as a limited liability company in California and Nevada, with a facility located at 5200 Ontario Mill Parkway, Ontario, California 91764.

6. Kinsale alleges that at all times relevant to this Complaint, defendant Sky High Sports Opportunities LLC is registered as a limited liability company in California and Nevada, with a business address at 490 Hot Springs Road, Carson City, Nevada 89706.

7. Kinsale alleges that at all times relevant to this Complaint, defendant Sky High Sports Sacramento LLC is registered as a limited liability company in California and Nevada, with a facility located at 11327 Folsom Boulevard #160, Rancho Cordova, California 95742.

8. Kinsale alleges that at all times relevant to this Complaint, defendant Sky High Sports Santa Clara LLC is registered as a limited liability company in California and Nevada, with a facility located at 2880 Mead Avenue, Santa Clara, California 95051.

## JURISDICTION AND VENUE

9. Kinsale incorporates the facts and allegations stated in the foregoing Paragraphs 1–8 as if copied herein in full.

10. This action is properly filed in this federal district court based upon complete diversity of citizenship pursuant to 28 U.S.C. §1332. Plaintiff and defendants are citizens of different states and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper pursuant to 28 U.S.C. §1391, as the defendants are

subject to personal jurisdiction in this district and does business in the district on its own behalf, on behalf of the other defendants, and/or through the business activities of other defendants which are acting on its behalf.

## GENERAL ALLEGATIONS

12. Plaintiff incorporates by reference and realleges herein paragraphs 1-11 of this Complaint.

13. Defendants operate trampoline fun centers with trampolines, foam pits, and snack bars with locations in Santa Clara, California; Rancho Cordova, California; Concord, California; Ontario, California; and Nashville, Tennessee.

14. Kinsale issued five commercial general liability insurance contracts to Defendants, each for an annual period (collectively, the "Insurance Contracts"). The policy periods' numbers and policy terms of the Insurance Contracts are as follows:

| | |
|---|---|
| September 21, 2011-September 21, 2012 | Commercial General Liability—Claims Made Policy No. 0100003284-0 issued to named insureds Sky High Sports LLC, Sky High Sports Santa Clara LLC, Sky High Sports Sacramento LLC, Sky High Sports Seattle LLC, Sky High Sports Concord LLC, Sky High Sports Orange County LLC, and Sky High Sports Opportunities LLC |
| November 2, 2011 to November 2, 2012 | Commercial General Liability Policy No. 0100003681-0 issued to Sky High Sports Ontario LLC |
| December 30, 2011- December 30, 2012 | Commercial General Liability Policy No. 0100004175-0 issued to Sky High Sports Nashville LLC |

| | |
|---|---|
| September 21, 2012- September 21, 2013 | Commercial General Liability-Claims Made Policy No. 0100007494-0 issued to Sky High Sports Seattle, LLC |
| September 21, 2012-September 21, 2013 | Commercial General Liability—Claims Made Policy No. 0100003284-1 issued to Sky High Sports LLC with the following named insureds: Sky High Sports LLC, Sky High Sports Santa Clara LLC, Sky High Sports Sacramento LLC, Sky High Sports Orange County LLC, and Sky High Sports Concord LLC |

15. Under the terms of each insurance contract, Kinsale was contractually entitled to perform an audit of Defendants' finances to assess, among other things, the correct premium for the insurance protection offered to Defendants.

16. Kinsale retained Overland Solutions, Inc. ("Overland") to perform the audits permitted under the Kinsale Insurance Contracts. However, Defendants refused to permit said audits to take place.

17. Because of said refusal to permit the audits to take place, Kinsale was forced to retain counsel and incur legal fees and costs in an effort to conduct and complete the premium audit provided for under the insurance contracts. By and through counsel, Kinsale filed its original Complaint against Defendants on or about September 9, 2014 for Declaratory Judgment and Breach of Contract for failing and refusing to comply with the audit requirements of the policies. Counsel for Kinsale thereafter moved for Summary Judgment and obtained a ruling that the audits should proceed as stipulated in the contract, and that Kinsale be provided with access to original accounting books and records. (Attached as Exhibit 6 is a copy of the Court's Order granting Summary Judgment).

18. Pursuant to Court Order, Kay Payer of Expert Audit Services performed

such audits on September 1 and September 2, 2015.

19. As a result of the audit that took place on September 1 and 2, 2015, the parties are now in disagreement as to the results of the audit and the amounts legitimately owed under the policy for the premiums. (Attached as Exhibit 7 is a copy of the Kay Payer audit report).

20. Under the terms of each insurance contract, a portion of amounts payable toward defense expense, settlements or other indemnity payments are the legal responsibility of the Insureds under the insurance contracts in the form of claims deductibles. (See Forms CAS 2004 0110 of the Insurance Contracts attached hereto as Exhibits 1 through 5).

21. Pursuant to the terms of the Insurance Contracts, as provided in said Deductible Endorsement, Kinsale was entitled to pay any part of the entire deductible amount to effect settlement of any claim or suit and, upon notification of said reimbursement, the Insureds under the Sky High Policies were required to reimburse Kinsale for deductible amounts advanced.

22. During the policy periods of such Insurance Contracts through 2015 Kinsale advanced amounts within the applicable $25,000 to satisfy amounts on behalf of the Defendants due for claims covered by the Insurance Contracts. However, in numerous cases the Defendants either failed to satisfy the deductible amounts or only partially indemnified the amounts due under the Deductible Endorsement of the Insurance Contracts. As of this time, Kinsale is owed $96,211.96 in connection with advancement of said deductibles.

23. As of this time, Kinsale is owed $96,211.96 in connection with advancement of said deductibles. Kinsale was originally promised reimbursement for said outstanding balance by October 30, 2015. However, no payment has been made since that time.

## THE KINSALE POLICIES

24.   Plaintiff incorporates by reference and realleges herein paragraphs 1-23 of this Complaint.

25.   Each of the Kinsale Insurance Contracts at issue in this complaint includes the following essential terms, among others:

**PREMIUM AUDIT**

(i)   We will compute all premiums for this Coverage Part in accordance with our rules and rates.

(ii)   Premium shown in this Coverage Part as advance premium is a deposit premium only.  At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured.  The due date for audit and retrospective premiums is the date shown as the due date on the bill.  If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

(iii)   The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

### EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period up to three years afterward.

26.   Each of the Kinsale insurance contracts at issue in this complaint includes a Minimum Policy Premium Endorsement that states in part:

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**

### SCHEDULE

| A. | Minimum and Deposit Premium | 100% |
|---|---|---|
| B. | Percentage of Minimum Premium retained | 25% |

This endorsement sets forth the minimum earned premium for this policy. The minimum earned premium for this policy is calculated as follows:

1. The minimum and deposit premium for this policy is shown in item A. of the Schedule above and is a percentage of the total policy premium shown on the Declarations page of the policy plus any premium adjustments by endorsements and any additional premium developed by audit.

27. Kinsale has fully complied with its obligations under the Insurance Contracts.

28. Defendants have failed to comply with their obligations under the Insurance Contracts. Specifically, without excuse or justification, Defendants have failed to pay the following deductibles and premiums:

    a. Deductibles due: $96,211.96

    b. Audit Premium due: $873,773.00

29. Apart from and in addition to the principal amounts, Defendants owe Kinsale for interest due on these outstanding items.  Under California law, prejudgment interest is mandatory and runs at the rate often-percent (10%) per annum from the due date.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Deductible and Retrospective Premium Invoices)**

**(Against All Defendants)**

30. Kinsale incorporates those allegations contained in paragraphs 1-29 herein as set forth in full.

31. The Insurance Contracts are valid and enforceable contracts.

32. Kinsale has fully performed its obligations under the Insurance Contracts.

33. Defendants have received the benefit of the insurance coverage and other benefits provided under the Insurance Contracts.

8

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR BREACH OF CONTRACT, MONEY DUE, OPEN BOOK ACCOUNT, MONEY HAD AND RECEIVED
3474508v1 0955912

34. The Insurance Contracts require Defendants to pay deductibles and premiums to Kinsale in the amount of $969,984.96.

35. Kinsale has demanded payments for the amounts due.

36. Without justification or excuse, Defendants have breached the provisions of the Insurance Contracts by failing to pay the amounts due.

## SECOND CAUSE OF ACTION

### MONEY DUE FOR UNPAID INSURANCE PREMIUMS

**(Against All Defendants)**

37. Kinsale incorporates those allegations contained in paragraphs 1-36 herein as set forth in full.

38. Within the past four years, Defendants have become indebted to Kinsale in the sum of $873,773 being the aggregate unpaid premium on the Insurance Contracts issued by Kinsale to said Defendants at Defendants request.

39. Defendants accepted each said contract for insurance, and in consideration of the issuance and delivery of each said contract, Defendants, and each of them, agreed to pay the premiums therein provided.

40. Demand was made upon Defendants, and each of them, for the sum due. Defendants, and each of them, have not paid sum, or any part thereof, and there is now due and owing and unpaid from Defendants, and each of them, said sum, together with interest thereon at the rate of 10% per annum from and after said date.

## THIRD CAUSE OF ACTION

### OPEN BOOK ACCOUNT

**(Against all Defendants)**

41. Kinsale incorporates those allegations contained in paragraphs 1-40 herein as set forth in full.

///

///

42. Within the past four years, Defendants became indebted to Kinsale in the sum of $96,211.96 as the balance due and unpaid upon open book accounts for deductibles under the insurance policies furnished and supplied to Defendants by Kinsale.

## FOURTH CAUSE OF ACTION

### MONEY HAD AND RECEIVED (QUANTUM VALEBANT)

**(Against all Defendants)**

43. Kinsale incorporates those allegations contained in paragraphs 1-42 herein as set forth in full.

44. Within the last four years, Defendants became indebted to Kinsale in the amount of $96,211.96 for sums paid or advanced by Kinsale on behalf of Defendants.

45. Only partial payment in the amount of $30,970.54 has been made by Defendants for deductibles due and owning under the policies issued by Kinsale, and the remaining $96,211.96 is still outstanding, in addition to interest at the rate of 10% per annum.  To date, despite demand for payment, Defendants have refused to pay the remaining delinquent balance.

46. Wherefore, Kinsale prays for recovery as set forth hereinafter.

WHEREFORE, Kinsale prays for judgment against Defendants as follows:

a. Finding that Defendants are liable to Kinsale for $ 969,984.96 in unpaid deductibles and premiums.

b. Finding that Defendants are liable for pre-judgment interest for the unpaid deductibles and premiums;

c. For attorney's fees according to proof;

///

///

///

///

10

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR BREACH OF CONTRACT, MONEY DUE, OPEN BOOK ACCOUNT, MONEY HAD AND RECEIVED
3474508v1 0955912

     d.     For costs of suit incurred herein; and

     c.     For other and further relief as this Court may deem just and proper.

Date: May 23, 2016                        HINSHAW & CULBERTSON LLP

*/s/ Edward F. Donohue*

ROBERT J. ROMERO
EDWARD F. DONOHUE
Attorneys for Plaintiff
Kinsale Insurance Company

,

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR BREACH OF CONTRACT,
MONEY DUE, OPEN BOOK ACCOUNT, MONEY HAD AND RECEIVED
3474508v1 0955912