# EXHIBIT 1

**KINSALE INSURANCE COMPANY**
6802 Paragon Place, Suite 350
Richmond, VA 23230

# COMMERCIAL GENERAL LIABILITY DECLARATIONS - CLAIMS MADE

**Policy Number:**      0100003284-0
**Producer Number:**    15504
**Name and Address:**   Risk Placement Services - Lemac Orange
                        701 S. Parker Street, Suite 6200
                        Orange, CA 92868

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

| | |
|---|---|
| NAMED INSURED: | Sky High Sports LLC |
| | Sky High Sports Santa Clara LLC; Sky High Sports Sacramento LLC; Sky High Sports Seattle LLC; Sky High Sports Concord LLC; Sky High Sports Orange County LLC; Sky High Opportunities LLC |
| MAILING ADDRESS: | 490 Hot Springs Road<br>Carson City, NV 89706 |
| POLICY PERIOD: | FROM 09/21/2011 TO 09/21/2012 at 12:01AM at the address of the named insured as shown above |

| LIMITS OF INSURANCE | | |
|---|---|---|
| EACH OCCURRENCE LIMIT | $ 1,000,000 | |
| DAMAGE TO PREMISES RENTED TO YOU LIMIT | $ 100,000 | Any one premises |
| MEDICAL EXPENSE LIMIT | Excluded | Any one person |
| PERSONAL & ADVERTISING INJURY LIMIT | $ 1,000,000 | Any one person or organization |
| GENERAL AGGREGATE LIMIT | $ 1,000,000 | |
| PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT | $ 1,000,000 | |

| RETROACTIVE DATE |
|---|
| THIS INSURANCE DOES NOT APPLY TO "BODILY INJURY", "PROPERTY DAMANGE" OR "PERSONAL AND ADVERTISING INJURY" WHICH OCCURS BEFORE THE RETROACTIVE DATE, SHOWN BELOW |
| RETROACTIVE DATE:      09/21/2011 at 12:01AM at the address of the named insured as shown above. |

| DESCRIPTION OF BUSINESS |
|---|
| **DESCRIPTION OF OPERATIONS: Trampoline Centers** |
| BUSINESS TYPE: LIMITED LIABILITY COMPANY |

CAS1001 0110

Page 1 of 2

| ALL PREMISES YOU OWN, RENT OR OCCUPY | |
|---|---|
| LOCATION | ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY |
| 1 | 2880 Mead Avenue, Santa Clara, CA 95051 |
| 2 | 11327 Folsom Boulevard #160, Rancho Cordova, CA 95742 |
| 3 | 1631 Challenge Drive, Concord, CA 94520 |
| 4 | 1445 120th Avenue NE, Bellevue, WA 92626 |
| 5 | 2970 Airway Avenue, Costa Mesa, CA 92626 |
| 6 | 490 Hot Springs Road, Carson City, NV 89706 |

| CLASSIFICATION AND PREMIUM | | | | | |
|---|---|---|---|---|---|
| CLASS CODE | CLASS DESCRIPTION | BASIS OF PREMIUM | EXPOSURE | RATE | PREMIUM |
| 10015.01 | Amusement Centers | per $1,000 Gross Sales | 4,200,000 | 107.14 | $450,000.00 |
| | | TOTAL PREMIUM (MINIMUM AND DEPOSIT): | | | $450,000.00 |
| | | COMPANY FEE: | | | $300.00 |
| | | TOTAL PAYABLE AT INCEPTION: | | | $450,300.00 |
| POLICY SUBJECT TO AUDIT: Yes | | | AUDIT PERIOD: Annual | | |

| ENDORSEMENTS |
|---|
| Refer to ADF4001, SCHEDULE OF FORMS |

**THESE DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS AND COVERAGE FORM(S) AND ANY ENDORSEMENT(S), COMPLETE THE ABOVE NUMBERED POLICY**

# SCHEDULE OF FORMS

| Attached To and Forming Part of Policy 0100003284-0 | Effective Date of Endorsement 09/21/11 12:01AM as the Named Insured address shown on the Declarations | Named Insured Sky High Sports LLC |
|---|---|---|
| Additional Premium: $0.00 | Return Premium: $0.00 | |

CAS1001-0110 - Commercial General Liability Declarations- Claims Made

ADF4001-0110 - Schedule of Forms

CG0002-1001 - Commercial General Liability Coverage Form-Coverages A & B Claims Made

CG0067-0305 - Exclusion- Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information

CAS2002-0110 - Limitation of Coverage to Designated Project or Premises

CAS2004-0110 - Deductible Endorsement

CAS2007-0110 - Common Conditions-Casualty

CAS2008-0110 - Amended Duties in the Event of a Claim or Suit-Commercial General Liability-Claims Made

CAS2009-0110 - General Liability Changes-Claims Made to Claims Made and Reported

CAS2013-0110 - Extended Reporting Period

CAS2024-0110 - Waiver and Release Condition

ADF4002-0110 - Basis of Premium

CAS4004-0110 - Amendment-Supplementary Payments Within Limits of Insurance

CAS4018-0411 - Minimum Policy Premium

ADF3003-0110 - Exclusion - Absolute Pollution and Pollution Related Liability

ADF3010-0110 - Exclusion- Nuclear, Biological or Chemical Materials

ADF3011-0110 - Exclusion of Other Acts of Terrorism Committed Outside the United States; Exclusion of Punitive Damages Related to A Certified Act of Terrorism; Cap on Losses From Certified Acts of Terrorism

ADF3013-0611 - Exclusion - Collection of Personal Identification Information

CAS3009-0110 - Exclusion-Medical Payments

CAS3011-0110 - Exclusion- New Entities (Commercial General Liability)

CAS3018-0110 - Exclusion-Insured vs. Insured

CAS3043-0510 - Additional Policy Exclusions

CG2167-1204 - Fungi or Bacteria Exclusion

CG2176-0108 - Exclusion of Punitive Damages Related to a Certified Act of Terrorism

IL0021-0908 - Nuclear Energy Liability Exclusion Endorsement (Broad Form)

IL0985-0108 - Disclosure Pursuant to Terrorism Risk Insurance Act

ADF9001-0110 - Kinsale Privacy Policy

ADF9004-0110 - Signature Endorsement

ADF9009-0110 - U.S. Treasury Department's Office of Foreign Assets Control (OFAC) Advisory Notice to Policyholders

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**COVERAGES A AND B PROVIDE**
**CLAIMS-MADE COVERAGE**
**PLEASE READ THE ENTIRE FORM CAREFULLY**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **VI** – Definitions.

## SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

**(3)** A claim for damages because of the "bodily injury" or "property damage" is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or any Extended Reporting Period we provide under Section **V** – Extended Reporting Periods.

**c.** A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

**(1)** When notice of such claim is received and recorded by any insured or by us, whichever comes first; or

**(2)** When we make settlement in accordance with Paragraph **1.a.** above.

All claims for damages because of "bodily injury" to the same person, including damages claimed by any person or organization for care, loss of services, or death resulting at any time from the "bodily injury", will be deemed to have been made at the time the first of those claims is made against any insured.

All claims for damages because of "property damage" causing loss to the same person or organization will be deemed to have been made at the time the first of those claims is made against any insured.

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2000

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

**f. Pollution**

**(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

**(i)** "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

**(ii)** "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not or never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

**(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

**(c)** Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

**(i)** Any insured; or

© ISO Properties, Inc., 2000

**(ii)** Any person or organization for whom you may be legally responsible; or

**(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

**(i)** "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

**(ii)** "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

**(e)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

**(2)** Any loss, cost or expense arising out of any:

**(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**g.  Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

**(a)** Less than 26 feet long; and

**(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

© ISO Properties, Inc., 2000

**(5)** "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

**h.  Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

**(1)** The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

**(2)** The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**i.  War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**j.  Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.  Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.  Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.  Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.  Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

  © ISO Properties, Inc., 2000  CG 00 02 10 01

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

Exclusions **c.** through **n.** do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section III – Limits Of Insurance.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if:

**(1)** The offense was committed in the "coverage territory";

**(2)** The offense was not committed before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

**(3)** A claim for damages because of the "personal and advertising injury" is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or any Extended Reporting Period we provide under Section **V** – Extended Reporting Periods.

**c.** A claim made by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

**(1)** When notice of such claim is received and recorded by any insured or by us, whichever comes first; or

**(2)** When we make settlement in accordance with Paragraph **1.a.** above.

All claims for damages because of "personal and advertising injury" to the same person or organization as a result of an offense will be deemed to have been made at the time the first of those claims is made against any insured.

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the Retroactive Date, if any, shown in the Declarations.

**d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**e. Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

   © ISO Properties, Inc.,  2000

**f. Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**g. Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

**h. Wrong Description Of Prices**

"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

**j. Insureds In Media And Internet Type Businesses**

"Personal and advertising injury" committed by an insured whose business is:

**(1)** Advertising, broadcasting, publishing or telecasting;

**(2)** Designing or determining content or web-sites for others; or

**(3)** An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **14.a., b.** and **c.** of "personal and advertising injury" under the Definitions Section.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

**k. Electronic Chatrooms Or Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

**l. Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

**m. Pollution**

"Personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

**n. Pollution-Related**

Any loss, cost or expense arising out of any:

**(1)** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

**COVERAGE C MEDICAL PAYMENTS**

**1. Insuring Agreement**

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

**(2)** On ways next to premises you own or rent; or

**(3)** Because of your operations;

provided that:

**(1)** The accident takes place in the "coverage territory" and during the policy period;

**(2)** The expenses are incurred and reported to us within one year of the date of the accident; and

**(3)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**b.** We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

**(1)** First aid administered at the time of an accident;

**(2)** Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

**(3)** Necessary ambulance, hospital, professional nursing and funeral services.

**2. Exclusions**

We will not pay expenses for "bodily injury":

**a. Any Insured**

To any insured, except "volunteer workers".

**b. Hired Person**

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

**c. Injury On Normally Occupied Premises**

To a person injured on that part of premises you own or rent that the person normally occupies.

**d. Workers Compensation And Similar Laws**

To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

**e. Athletics Activities**

To a person injured while taking part in athletics.

**f. Products-Completed Operations Hazard**

Included within the "products-completed operations hazard".

**g. Coverage A Exclusions**

Excluded under Coverage **A**.

**h. War**

Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

1. We will pay, with respect to any claim we investigate or settle or any "suit" against an insured we defend:

   **a.** All expenses we incur.

   **b.** Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

   **c.** The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

   **d.** All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

   **e.** All costs taxed against the insured in the "suit".

   **f.** Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

   **g.** All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

   These payments will not reduce the limits of insurance.

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

   **a.** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

   **b.** This insurance applies to such liability assumed by the insured;

   **c.** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

   **d.** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

   **e.** The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

   **f.** The indemnitee:

   **(1)** Agrees in writing to:

   **(a)** Cooperate with us in the investigation, settlement or defense of the "suit";

   **(b)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

   **(c)** Notify any other insurer whose coverage is available to the indemnitee; and

   **(d)** Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

   **(2)** Provides us with written authorization to:

   **(a)** Obtain records and other information related to the "suit"; and

**(b)** Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section I – Coverage A – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

**a.** We have used up the applicable limit of insurance in the payment of judgments or settlements; or

**b.** The conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

## SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.** Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

**(1)** "Bodily injury" or "personal and advertising injury":

**(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

**(b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

**(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(b)** above; or

**(d)** Arising out of his or her providing or failing to provide professional health care services.

**(2)** "Property damage" to property:

**(a)** Owned, occupied or used by,

**(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

**b.** Any person (other than your "employee" or "volunteer worker") or any organization while acting as your real estate manager.

**c.** Any person or organization having proper temporary custody of your property if you die, but only:

**(1)** With respect to liability arising out of the maintenance or use of that property; and

**(2)** Until your legal representative has been appointed.

© ISO Properties, Inc., 2000  CG 00 02 10 01

**d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.** With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

**a.** "Bodily injury" to a co-"employee" of the person driving the equipment; or

**b.** "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

**4.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**b.** Coverage **A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

**c.** Coverage **B** does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

**SECTION III – LIMITS OF INSURANCE**

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.** Insureds;

**b.** Claims made or "suits" brought; or

**c.** Persons or organizations making claims or bringing "suits".

**2.** The General Aggregate Limit is the most we will pay for the sum of:

**a.** Medical expenses under Coverage **C;**

**b.** Damages under Coverage **A,** except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

**c.** Damages under Coverage **B.**

**3.** The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

**4.** Subject to **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage **B** for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

**5.** Subject to **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

**a.** Damages under Coverage **A;** and

**b.** Medical expenses under Coverage **C**

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

**6.** Subject to **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

**7.** Subject to **5.** above, the Medical Expense Limit is the most we will pay under Coverage **C** for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

### 1. Bankruptcy

Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

### 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

Notice of an "occurrence" or offense is not notice of a claim.

**b.** If a claim is received by any insured, you must:

**(1)** Immediately record the specifics of the claim and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or a "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

### 3. Legal Action Against Us

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

### 4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b. Excess Insurance**

This insurance is excess over:

**(1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(a)** That is effective prior to the beginning of the policy period shown in the Declarations of this insurance and applies to "bodily injury" or "property damage" on other than a claims-made basis, if:

**(i)** No Retroactive Date is shown in the Declarations of this insurance; or

**(ii)** The other insurance has a policy period which continues after the Retroactive Date shown in the Declarations of this insurance;

**(b)** That is Fire, Extended Coverage, Builders' Risk, Installation Risk or similar coverage for "your work";

**(c)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(d)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(e) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability.

**(2)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5. Premium Audit**

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6. Representations**

By accepting this policy, you agree:

**a.** The statements in the Declarations are accurate and complete;

**b.** Those statements are based upon representations you made to us; and

**c.** We have issued this policy in reliance upon your representations.

**7. Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

**a.** As if each Named Insured were the only Named Insured; and

**b.** Separately to each insured against whom claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**9. When We Do Not Renew**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

**10. Your Right To Claim And "Occurrence" Information**

We will provide the first Named Insured shown in the Declarations the following information relating to this and any preceding general liability claims-made Coverage Part we have issued to you during the previous three years:

**a.** A list or other record of each "occurrence", not previously reported to any other insurer, of which we were notified in accordance with Paragraph **2.a.** of the Section **IV** – Duties In The Event Of Occurrence, Offense, Claim Or Suit Condition. We will include the date and brief description of the "occurrence" if that information was in the notice we received.

**b.** A summary by policy year, of payments made and amounts reserved, stated separately, under any applicable General Aggregate Limit and Products-Completed Operations Aggregate Limit.

Amounts reserved are based on our judgment. They are subject to change and should not be regarded as ultimate settlement values.

You must not disclose this information to any claimant or any claimant's representative without our consent.

If we cancel or elect not to renew this Coverage Part, we will provide such information no later than 30 days before the date of policy termination. In other circumstances, we will provide this information only if we receive a written request from the first Named Insured within 60 days after the end of the policy period. In this case, we will provide this information within 45 days of receipt of the request.

We compile claim and "occurrence" information for our own business purposes and exercise reasonable care in doing so. In providing this information to the first Named Insured, we make no representations or warranties to insureds, insurers, or others to whom this information is furnished by or on behalf of any insured. Cancellation or non-renewal will be effective even if we inadvertently provide inaccurate information.

**SECTION V – EXTENDED REPORTING PERIODS**

**1.** We will provide one or more Extended Reporting Periods, as described below, if:

**a.** This Coverage Part is canceled or not renewed; or

**b.** We renew or replace this Coverage Part with insurance that:

**(1)** Has a Retroactive Date later than the date shown in the Declarations of this Coverage Part; or

**(2)** Does not apply to "bodily injury", "property damage" or "personal and advertising injury" on a claims-made basis.

**2.** Extended Reporting Periods do not extend the policy period or change the scope of coverage provided. They apply only to claims for:

**a.** "Bodily injury" or "property damage" that occurs before the end of the policy period but not before the Retroactive Date, if any, shown in the Declarations; or

**b.** "Personal and advertising injury" caused by an offense committed before the end of the policy period but not before the Retroactive Date, if any, shown in the Declarations.

Once in effect, Extended Reporting Periods may not be canceled.

**3.** A Basic Extended Reporting Period is automatically provided without additional charge. This period starts with the end of the policy period and lasts for:

**a.** Five years with respect to claims because of "bodily injury" and "property damage" arising out of an "occurrence" reported to us, not later than 60 days after the end of the policy period, in accordance with Paragraph **2.a.** of the Section **IV** – Duties In The Event Of Occurrence, Offense, Claim Or Suit Condition;

**b.** Five years with respect to claims because of "personal and advertising injury" arising out of an offense reported to us, not later than 60 days after the end of the policy period, in accordance with Paragraph **2.a.** of the Section **IV** – Duties In The Event Of Occurrence, Offense, Claim Or Suit Condition; and

**c.** Sixty days with respect to claims arising from "occurrences" or offenses not previously reported to us.

The Basic Extended Reporting Period does not apply to claims that are covered under any subsequent insurance you purchase, or that would be covered but for exhaustion of the amount of insurance applicable to such claims.

**4.** The Basic Extended Reporting Period does not reinstate or increase the Limits of Insurance.

© ISO Properties, Inc., 2000

5. A Supplemental Extended Reporting Period of unlimited duration is available, but only by an endorsement and for an extra charge. This supplemental period starts when the Basic Extended Reporting Period, set forth in Paragraph **3.** above, ends.

You must give us a written request for the endorsement within 60 days after the end of the policy period. The Supplemental Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due.

We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

a. The exposures insured;

b. Previous types and amounts of insurance;

c. Limits of Insurance available under this Coverage Part for future payment of damages; and

d. Other related factors.

The additional premium will not exceed 200% of the annual premium for this Coverage Part.

This endorsement shall set forth the terms, not inconsistent with this Section, applicable to the Supplemental Extended Reporting Period, including a provision to the effect that the insurance afforded for claims first received during such period is excess over any other valid and collectible insurance available under policies in force after the Supplemental Extended Reporting Period starts.

6. If the Supplemental Extended Reporting Period is in effect, we will provide the supplemental aggregate limits of insurance described below, but only for claims first received and recorded during the Supplemental Extended Reporting Period.

The supplemental aggregate limits of insurance will be equal to the dollar amount shown in the Declarations in effect at the end of the policy period for such of the following limits of insurance for which a dollar amount has been entered:

General Aggregate Limit
Products-Completed Operations Aggregate Limit

Paragraphs **2.** and **3.** of Section **III – Limits Of Insurance** will be amended accordingly. The Personal and Advertising Injury Limit, the Each Occurrence Limit and the Damage To Premises Rented To You Limit shown in the Declarations will then continue to apply, as set forth in Paragraphs **4., 5.** and **6.** of that Section.

## SECTION VI – DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

c. All other parts of the world if the injury or damage arises out of:

(1) Goods or products made or sold by you in the territory described in **a.** above;

(2) The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; or

(3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication

provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in **a.** above or in a settlement we agree to.

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

   **a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

   **b.** Your fulfilling the terms of the contract or agreement.

**9.** "Insured contract" means:

   **a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

   **b.** A sidetrack agreement;

   **c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

   **d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   **e.** An elevator maintenance agreement;

   **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

   **(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

   **(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

      **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

      **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

   **(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**11.** "Loading or unloading" means the handling of property:

   **a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

   **b.** While it is in or on an aircraft, watercraft or "auto"; or

   **c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

**12.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

   **a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

   **b.** Vehicles maintained for use solely on or next to premises you own or rent;

   **c.** Vehicles that travel on crawler treads;

   **d.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

      **(1)** Power cranes, shovels, loaders, diggers or drills; or

   (2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

  **e.** Vehicles not described in **a., b., c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   (1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

   (2) Cherry pickers and similar devices used to raise or lower workers;

  **f.** Vehicles not described in **a., b., c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

  However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   (1) Equipment designed primarily for:

    (a) Snow removal;

    (b) Road maintenance, but not construction or resurfacing; or

    (c) Street cleaning;

   (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

  **a.** False arrest, detention or imprisonment;

  **b.** Malicious prosecution;

  **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

  **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

  **f.** The use of another's advertising idea in your "advertisement"; or

  **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**15.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**16.** "Products-completed operations hazard":

  **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   (1) Products that are still in your physical possession; or

   (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    (a) When all of the work called for in your contract has been completed.

    (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

  **b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from, computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**20.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" and

**(2)** The providing of or failure to provide warnings or instructions.

© ISO Properties, Inc.,  2000

CG 00 02 10 01

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# EXCLUSION – VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX, PHONE CALLS OR OTHER METHODS OF SENDING MATERIAL OR INFORMATION

| Attached To and Forming Part of Policy 0100003284-0 | Effective Date of Endorsement 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Named Insured Sky High Sports LLC |
|---|---|---|
| Additional Premium: $0.00 | Return Premium: $0.00 | |

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2.**, Exclusions of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

**2. Exclusions**

This insurance does not apply to:

DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

**B.** The following exclusion is added to Paragraph **2.**, Exclusions of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# LIMITATION OF COVERAGE TO DESIGNATED PROJECT OR PREMISES

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>09/21/11 12:01AM at the Named Insured<br>address shown on the Declarations | Named Insured<br>Sky High Sports LLC |
|---|---|---|
| Additional Premium:<br>$0.00 | Return Premium:<br>$0.00 | |

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**

### SCHEDULE

| Premises: | Location 1: 2880 Mead Avenue, Santa Clara, CA 95051<br>Location 2: 11327 Folsom Boulevard #160, Rancho Cordova, CA 95742<br>Location 3: 1631 Challenge Drive, Concord, CA 94520<br>Location 4: 1445 120th Avenue NE, Bellevue, WA 92626<br>Location 5: 2970 Airway Avenue, Costa Mesa, CA 92626<br>Location 6: 490 Hot Springs Road, Carson City, NV 89706 |
|---|---|
| Project: | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this policy)

This insurance applies only to "bodily injury", "property damage" and "personal and advertising injury" arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule above;

2. The project shown in the Schedule above.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEDUCTIBLE ENDORSEMENT

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>09/21/11 12:01AM at the Named Insured<br>address shown on the Declarations | Named Insured<br>**Sky High Sports LLC** |
|---|---|---|
| Additional Premium:<br>$0.00 | Return Premium:<br>$0.00 | |

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE**

SCHEDULE

| COVERAGE | AMOUNT AND BASIS OF DEDUCTIBLE | |
|---|---|---|
| | PER CLAIM | PER OCCURRENCE |
| Bodily Injury Liability | $ | $ |
| OR | | |
| Property Damage Liability | $ | $ |
| OR | | |
| Personal & Advertising Injury | $ | $ |
| OR | | |
| Bodily Injury Liability and/or Property Damage Liability and/or Personal & Advertising Injury Liability, combined | $ | $ 25,000 |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**APPLICATION OF ENDORSEMENT** (Enter below any limitations on the application of this endorsement. If no limitation is entered, the deductibles apply to damages for all "bodily injury", "property damage" or "personal and advertising injury" however caused)

**A.**  Our obligation under the Bodily Injury Liability, Property Damage Liability, Personal and Advertising Injury, or any other coverages provided by this policy to pay damages on your behalf, applies only to the amount of damages in excess of any deductible amount(s) stated in the Schedule above as applicable to such coverages. The deductible amount(s) stated above will include all loss payments, adjusting, investigative and legal fees and costs and all other direct costs related to the investigation, defense and settlement of a claim or suit, regardless of whether or not any loss payment is made.

**B.**  We may select a deductible amount on either a per claim or a per "occurrence" basis. Our selected deductible applies to the Coverage and to the Basis of the Deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:

    **1. PER CLAIM BASIS.** If the deductible amount indicated in the Schedule above is on a per claim basis, that deductible applies as follows:

        **a.** Under Bodily Injury Liability Coverage, to all damages sustained by any one person because of "bodily injury";

        **b.** Under Property Damage Liability Coverage, to all damages sustained by any one person because of "property damage";

        **c.** Under Personal and Advertising Injury Liability, to all damages sustained by any one person or organization because of "personal and advertising injury liability";

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**d.** Under Bodily Injury Liability and/or Property Damage Liability Coverage and/or Personal and Advertising Injury Liability, combined, to all damages, injury and medical expenses sustained by any one person or organization as the result of any one "occurrence" or offense.

If damages are claimed for care, loss of services or death resulting at any time from "bodily injury", a separate deductible amount will be applied to each person making a claim for such damages.

With respect to "property damage", person includes an organization.

**2. PER OCCURRENCE BASIS.** If the deductible amount indicated in the Schedule above is on a per "occurrence" basis, that deductible applies as follows:
**a.** Under Bodily Injury Liability Coverage, to all damages because of "bodily injury";
**b.** Under Property Damage Liability Coverage, to all damages because of "property damage";
**c.** Under Personal and Advertising Injury Liability, to all damages because of "personal and advertising injury liability";
**d.** Under Bodily Injury Liability and/or Property Damage Liability Coverage and/or Personal and Advertising Injury Liability, combined, to all damages, injury and medical expenses as the result of any one "occurrence" or offense, regardless of the number of persons or organizations who sustain damages because of that "occurrence" or "offense".

**C.** The terms of this insurance, including those with respect to:
**1.** Our right and duty to defend the insured against any "suits" seeking those damages; and
**2.** Your duties in the event of an "occurrence", claim, or "suit" apply irrespective of the application of the deductible amount.

**D.** We may pay any part or the entire deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# COMMON CONDITIONS –CASUALTY

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: | Return Premium: | |
| $0.00 | $0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**
**LIQUOR LIABILITY COVERAGE**
**OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE**

**This insurance is amended by adding the following provisions:**

**CANCELLATION**

    a.  The first named insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.
    b.  We may cancel this policy by mailing or delivering to the first named insured written notice of cancellation at least:
        1)  Ten (10) days before the effective date of cancellation if we cancel for non-payment of premium; or
        2)  Thirty (30) days before the effective date of cancellation if we cancel for any other reason.
    c.  We will mail or deliver our notice to the first named insured's last mailing address known to us.
    d.  Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.
    e.  If this policy is cancelled, we will send the first named insured any refund due subject to the minimum earned premium provisions of the policy. If we cancel for reasons other than non-payment of premium, the refund will be pro rata. If we cancel due to non-payment of premium or if the first named insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.
    f.  If notice is mailed, proof of mailing will be sufficient proof of notice.

**NON-RENEWAL**—the When We Do Not Renew Condition of the policy is deleted and replaced with the following:

    a.  If we elect not to renew this policy we shall mail written notice to the first named insured at the address shown in the declarations. Such written notice of non-renewal shall be mailed at least thirty (30) days prior to the end of the policy period.
    b.  If notice is mailed, proof of mailing will be sufficient proof of notice.

**CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**TERMS, CONDITIONS AND PREMIUMS**

The first Named Insured shown in the Declarations is responsible for the payment of all premiums and will be the payee for any return premiums we pay. On each renewal, continuation or anniversary of the effective date of the policy or on an annual basis, the Company will determine the rate and premium and may amend the terms and conditions of the policy in accordance with the rates and rules then in effect.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

**SERVICE OF SUIT**

In the event of the failure of the Company to pay any amount claimed to be due under this Policy, the Company will submit to the jurisdiction of any court of competent jurisdiction within the United States of America or Canada.  All matters arising under this Policy shall be determined in accordance with the choice of law rules of such court. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.

Service of process in any such suit may be made upon the President and Chief Executive Officer of the Company or his designee at the address shown on the Declarations of this Policy.  In any suit instituted upon this contract and against the President and Chief Executive Officer of the Company or his designee, the Company will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.  The President and Chief Executive Officer of the Company or his designee are authorized and directed to accept service of process.

Pursuant to any statute of any state, territory or district of the United States of America, the Company designates the Superintendent, Commissioner or Director of Insurance or other officer specified for the purpose in the statute, or his successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary under this Policy arising out of this contract of insurance.  The Company designates the above-named as the person to whom said officer is authorized to mail such process or a true copy of such process.

**TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US**—the Transfer Of Rights Of Recovery Against Others To Us Condition of the policy is deleted and replaced with the following:

If any person or organization to or for whom we make payment under this Policy has rights to recover damages from another, those rights are transferred to us. That person or organization must do nothing after loss to impair them.  At our request, the insured will bring suit or transfer those rights to us and help us enforce them.

**LEGAL ACTION AGAINST US**—the Legal Action Against Us Condition of the policy is deleted and replaced with the following:

No one may bring a legal action against us under this Policy unless there has been full compliance with all of the terms of this Policy.  No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless it is commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the state within which this Policy is issued, such limitation is invalid then any such claims shall be void unless such action, suit or proceeding is commenced within the shortest limit of time permitted by the laws of such state.  We will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable Limit of Insurance.

CAS2007 0110                                                                                          Page 2 of 3

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**BINDING ARBITRATION**

All disputes over coverage or any rights afforded under this policy, including whether an entity or person is a named insured, an insured, an additional insured, or entitled to coverage under the Supplementary Payments provisions of this policy or the effect of any applicable statutes or common law upon the contractual obligations owed, shall be submitted to binding arbitration, which shall be the sole and exclusive means to resolve the dispute. Either party may initiate the binding arbitration.

The arbitration forum and process shall be agreed to by the parties. In the event the parties cannot agree on an arbitration forum and process, the matter shall be submitted to the American Arbitration Association.  The Arbitration shall be before a panel of three arbitrators, unless the parties agree to one arbitrator, all of whom shall have experience in insurance coverage of the type afforded by this policy. If the parties select a panel of three arbitrators, each party shall select an arbitrator and the chosen arbitrators shall select a third arbitrator.  The American Arbitration Association shall decide any disputes concerning the selection of the Arbitrators. The potential arbitrators from which the arbitrators shall be selected shall not be confined to those provided by the American Arbitration Association.  Each party shall bear the costs of its arbitrator and shall share equally the costs of the third arbitrator and arbitration process. In the event of a single arbitrator, the cost shall be shared equally by the parties. The decision of the arbitration is final and binding on the parties.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

CAS2007 0110

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# AMENDED DUTIES IN THE EVENT OF A CLAIM OR SUIT—(COMMERCIAL GENERAL LIABILITY—CLAIMS MADE)

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: | Return Premium: | |
| $0.00 | $0.00 | |

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit is deleted in its entirety and is replaced by the following:

**2. Duties In The Event Of A "Claim" Or" Suit"**

The insured shall provide written notice to us as soon as practicable following receipt of any "claim" or "suit".  The insured shall also include in such written notice, details of the "claim" or "suit".

If a "claim" or "suit" is received by any insured, the insured must:

1. Immediately record the specifics of the "claim" or "suit" and the date received; and

2. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit".

You and any other involved insured must:

1. Authorize us to obtain records and other information;

2. Fully cooperate with us or our designee in the investigation, settlements, conduct of "suits" or other proceedings.  You shall, as we at our discretion may require, attend hearings and trials, assist in securing and giving evidence, and obtaining the attendance of witnesses; and

3. Assist us, upon our request, in the enforcement of any right of contribution or indemnity against any person or organization that may be liable to the insured because of damage to which this insurance may also apply.

No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense.

SECTION VI – DEFINITIONS is amended by adding the following:

"Claim" means a written demand for monetary damages.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GENERAL LIABILITY CHANGES – CLAIMS MADE TO CLAIMS MADE AND REPORTED

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>09/21/11 12:01AM at the Named Insured<br>address shown on the Declarations | Named Insured<br>Sky High Sports LLC |
|---|---|---|
| Additional Premium:<br>$0.00 | Return Premium:<br>$0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SECTION I – COVERAGES - COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY -1. Insuring Agreement, b.** and **c.** are deleted and replaced with the following:

  **b.** This insurance applies to "bodily injury" and "property damage" only if:
   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)** The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in   the Declarations or after the end of the policy period;

   **(3)** A claim for damages because of the "bodily injury" or "property damage" is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or any Extended Reporting Period we provide under Section **V**-Extended Reporting Periods; and

   **(4)** A claim for damages because of the "bodily injury" or "property damage" is first reported in writing to the Company during the policy period.

  **c.** A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

   **(1)** When notice of such claim is received and recorded by any insured or by us, whichever comes first; or

   **(2)** When we make settlement in accordance with Paragraph **1.a** of the **Insuring Agreement**.

   All claims for damages because of "bodily injury" to the same person, including damages claimed by any person or organization for care, loss of services, or death resulting at any time from the "bodily injury", will be deemed to have been made at the time the first of those claims is made against any insured.

   All claims for damages because of "property damage" causing loss to the same person or organization will be deemed to have been made at the time the first of those claims is made against any insured.

**SECTION I- COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 1.Insuring agreement, b.** and **c.** are deleted and replaced with the following:

  **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if:

   **(1)** The offense was committed in the "coverage territory";

   **(2)** The offense was not committed before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period;

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**(3)** A claim for damages because of the "personal and advertising injury" is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or any Extended Reporting Period we provide under Section **V-** Extended Reporting Period; and

**(4)** A claim for damages because of "personal and advertising injury" is first reported in writing to the Company during the policy period.

**c.** A claim made by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

**(1)** When notice of such claim is received and recorded by any insured or by us, whichever comes first; or

**(2)** When we make settlement in accordance with Paragraph **1.a** of the **Insuring Agreement**.

All claims for damages because of "personal and advertising injury" to the same person or organization as a result of an offense will be deemed to have been made at the time the first of those claims is made against any insured.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXTENDED REPORTING PERIOD

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: $0.00 | Return Premium: $0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**

**SECTION V- EXTENDED REPORTING PERIOD** is deleted in its entirety and replaced by:

**SECTION V- EXTENDED REPORTING PERIOD**

**1.** We will provide one or more Extended Reporting Periods as described below, if:
    **a.** This policy is cancelled or not renewed unless such cancellation or non-renewal is due to non-payment of premium or deductibles or your failure to comply with all the terms and conditions of this policy; or
    **b.** We renew or replace this policy with insurance that:
        **(1)** Has a Retroactive Date later than the date shown in the Declarations of this policy; or
        **(2)** Does not apply to "bodily injury", "property damage", "personal and advertising injury" on a claims-made basis.
**2.** Extended Reporting Periods only allow you to report a claim to us that is first made against any insured during such Extended Reporting Periods and apply only to claims for:
    **a.** "Bodily injury" or "property damage" that occurs before the end of the policy period but not before the Retroactive Date, if any, shown in the Declarations; or
    **b.** "Personal and advertising injury" caused by an offense committed before the end of the policy period but not before the Retroactive Date, if any, shown in the Declarations.
    Extended Reporting Periods do not extend the policy period nor do they reinstate or increase the Limits of Insurance.
    Once in effect, Extended Reporting Periods may not be cancelled.

**3.** A Basic Extended Reporting Period is automatically provided without additional charge. This period begins with the end of the policy period and ends:
    **a.** Thirty (30) days after the end of the policy period with respect to claims reported to us, in accordance with the Duties in the Event of "Claim" or "Suit" provisions; or
    **b.** Thirty (30) days after the end of the policy period for all other claims.

    The Basic Extended Reporting Period does not apply to claims that are covered under any subsequent insurance you purchase, or that would be covered but for exhaustion of the amount of insurance applicable to such claims.

**4.** A Supplemental Extended Reporting Period may be available, but only by endorsement and for an extra charge. This Supplemental Extended Reporting Period, if purchased, begins with the end of the policy period and ends on the date specified in an endorsement issued if such Supplemental Extended Reporting Period is purchased. Any Supplemental

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

Extended Reporting Period will apply only to "claims" first made to the insured after the end of the policy period and reported to us during the Supplemental Extended Reporting Period.

    **a.** To purchase a Supplemental Extended Reporting Period endorsement, you must give us a written request for this endorsement within 30 days after the end of the policy period. The Supplemental Extended Reporting Period will not go into effect unless we have received your payment of the additional premium.

    **b.** We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

        **1.** The exposures insured;

        **2.** Previous types and amounts of insurance;

        **3.** Limits of Insurance available under this Policy for future payment of damages; and

        **4.** Other related factors.

    **c.** An endorsement shall set forth the terms, not inconsistent with this Section, applicable to the Supplemental Extended Reporting Period.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WAIVER AND RELEASE CONDITION

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: | Return Premium: | |
| $0.00 | $0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of your operations, unless a release, assumption of the risk or waiver of liability form signed by every person participating in the activity has been obtained by you. Should any minors be participating in any activities, the minors' parent or legal guardian must sign such release or form.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

# BASIS OF PREMIUM

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: | Return Premium: | |
| $0.00 | $0.00 | |

The basis used for determining the premium charge for each classification is indicated in the Classification and Premium section of the Declarations. The definition of each basis of premium is as follows:

A.  Acres

The total amount of acreage at the insured premises.

The rates apply per acre.

B.  Admissions

The total number of persons, other than employees of the named insured, admitted to the event insured or to events conducted on the premises whether on paid admissions, tickets, complimentary tickets or passes.

The rates apply per 1,000 admissions.

C.  Area

The total number of square feet of floor space at the insured premises, computed as follows:

1.  For entire buildings, by multiplying the product of the horizontal dimensions of the outside of the outer building walls by the number of floors, including basements but do not use the area of the following:

a.  Courts and mezzanine types of floor openings.
b.  Portions of basements or floors where 50% or more of the area is used for shop or storage for building maintenance, dwelling by building maintenance employees, heating units, power plants or air-conditioning equipment.

2.  For tenants, determine the area they occupy in the same manner as for entire buildings.

3.  The rates apply per 1,000 square feet of area.

D.  Each

This basis of premium involves units of exposure, and the quantity comprising each unit of exposure is indicated in the classification footnotes, such as "per person".

ADF4002 0110                                                                 Page 1 of 5

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

E.   Flat Charge

A fixed non-variable amount.

F.   Gross Sales

1.   Definition

The gross amount charged by the named insured, concessionaires of the named insured or by others trading under the insured's name for:

a.   All goods or products, sold or distributed;
b.   Operations performed during the policy period;
c.   Rentals; and
d.   Dues or fees.

2.   Inclusions

The following items shall not be deducted from gross sales:

a.   Foreign exchange discounts;
b.   Freight allowance to customers;
c.   Total sales of consigned goods and warehouse receipts;
d.   Trade or cash discounts;
e.   Bad debts; and
f.   Repossession of items sold on installments (amount actually collected).

3.   Exclusions

The following items shall be deducted from gross sales:

a.   Sales or excise taxes which are collected and submitted to a governmental division;
b.   Credits for repossessed merchandise and products returned. Allowances for damaged and spoiled goods;
c.   Finance charges for items sold on installments;
d.   Freight charges on sales if freight is charged as a separate item on customers invoice;
e.   Royalty income from patent rights or copyrights which are not product sales, and
f.   Rental receipts for products liability coverage only.

4.   Application

The rates apply per $1,000 of Gross Sales.

G.   Payroll

1.   Definition
a.   Payroll means remuneration.
b.   Remuneration means money or substitutes for money.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

2.   Inclusions

Payroll includes the following items:

a.   Commissions;
b.   Bonuses;
c.   Extra pay for overtime work, except as provided in Paragraph E.4.;
d.   Pay for holidays, vacations or periods of sickness;
e.   Payment by an employer of amounts otherwise required by law to be paid by employees to statutory insurance or pension plans, such as the Federal Social Security Act;
f.   Payment to employees on any basis other than time worked, such as piecework, profit sharing or incentive plans;
g.   Payment or allowance for hand tools or power tools used by hand provided by employees and used in their work or operations for the insured;
h.   The rental value of an apartment or a house provided for an employee based on comparable accommodations;
i.   The value of lodging, other than an apartment or house, received by employees as part of their pay, to the extent shown in the insured's records;
j.   The value of meals received by employees as part of their pay to the extent shown in the insured's records;
k.   The value of store certificates, merchandise, credits or any other substitute for money received by employees as part of their pay;
l.   The payroll of mobile equipment operators and their helpers, whether or not the operators are designated or licensed to operate automobiles. If the operators and their helpers are provided to the insured along with equipment hired under contract and their actual payroll is not known, use 1/3 of the total amount paid out by the insured for the hire of the equipment;
m.   The payroll of executive officers of a corporation and individual insureds and co-partners. For the purposes of payroll determination, managers of limited liability companies shall be considered executive officers and members of limited liability companies shall be considered co-partners;
The executive officers of a corporation are those persons holding any of the officer positions created by the named insured's charter, constitution or by-laws or any other similar governing document.
The payroll of all executive officers of a corporation and individual insureds or co-partners engaged principally in clerical operations or as salespersons, and officers and co-partners who are inactive for the entire policy period, shall not be included for premium purposes.
For part-time or seasonal businesses the payroll amounts may be reduced by 2 percent for each full calendar week in excess of twelve during which the risk performs no operations.
n.   The payroll of leased workers furnished to the named insured by a labor leasing firm. Premium on such payroll shall be based on the classifications and rates which would have applied if the leased workers had been the direct employees of the named insured. If payroll is unavailable, use 100% of the total cost of the contract for leased workers as the payroll of leased workers. The premium shall be charged on that amount as payroll;
If investigation of a specific employee leasing contract discloses that a definite amount of the contract price represents payroll, such amount shall be considered payroll for premium computation purposes.
o.   Fees paid to employment agencies for temporary personnel provided to the insured.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

3.  Exclusions

    a.  Tips and other gratuities received by employees;

    b.  Payments by an employer to group insurance or group pension plans for employees, other than payments covered by Paragraph E.2.e.;

    c.  The value of special rewards for individual invention or discovery;

    d.  Dismissal or severance payments except for time worked or accrued vacation;

    e.  The payroll of clerical office employees;
Clerical office employees are those employees who work in an area which is physically separated by walls, floors or partitions from all other work areas of the insured and whose duties are strictly limited to keeping the insured's books or records or conducting correspondence, including any other employees engaged in clerical work in the same area.

    f.  The payroll of salespersons, collectors or messengers who work principally away from the insured's premises. Salespersons, collectors or messengers are those employees engaged principally in any such duties away from the premises of the employer;
This term does not apply to any employee whose duties include the delivery of any merchandise handled, treated or sold.

    g.  The payroll of drivers and their helpers if their principal duties are to work on or in connection with automobiles;

    h.  The payroll of aircraft pilots or co-pilots if their principal duties are to work on or in connection with aircraft in either capacity; and

    i.  The payroll of draftsmen if their duties are limited to office work only and who are engaged strictly as draftsmen in such a manner that they are not exposed to the operative hazards of the business. The payroll of these draftsmen shall be assigned to the classification "Draftsmen" - Code 91805.

4.  Overtime

    a.  Definition
Overtime means those hours worked for which there is an increase in the rate of pay:

        (1)  For work in any day or in any week in excess of the number of hours normally worked, or

        (2)  For hours worked in excess of 8 hours in any day or 40 hours in any week, or

        (3)  For work on Saturdays, Sundays or Holidays.
In the case of guaranteed wage agreements, overtime means only those hours worked in excess of the number specified in such agreement.

    b.  Exclusion of Overtime Payroll
The extra pay for overtime shall be excluded from the payroll on which premium is computed as indicated in (1) or (2), provided the insured's books and records are maintained to show overtime pay separately by employee and in summary by classification.

        (1)  If the records show separately the extra pay earned for overtime, the entire extra pay shall be excluded.

        (2)  If the records show the total pay earned for overtime (regular pay plus overtime pay) in one combined amount, 1/3 of this total pay shall be excluded. If double time is paid for overtime and the total pay for such overtime is recorded separately, 1/2 of the total pay for double time shall be excluded.
Exclusion of overtime pay does not apply to payroll assigned to the "Stevedoring" classifications.

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

    5.   Application
        The rates apply per $1,000 of payroll.

H.  Total Cost

    The total cost of all work let or sublet in connection with each specific project including:
    1.   The cost of all labor, materials and equipment furnished, used or delivered for use in the execution of the work, however, do not include the cost of finished equipment installed but not furnished by the subcontractor if the subcontractor does no other work on or in connection with such equipment; and
    2.   All fees, bonuses or commissions made, paid or due.
        The rates apply per $1,000 of Total Cost.

I.  Units

    A single room or group of rooms intended for occupancy as separate living quarters by a family, by a group of unrelated persons living together, or by a person living alone.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

ADF4002 0110                                                          Page 5 of 5

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AMENDMENT – SUPPLEMENTARY PAYMENTS
# WITHIN LIMITS OF INSURANCE

| *Attached To and Forming Part of Policy* 0100003284-0 | *Effective Date of Endorsement* 09/21/11 12:01AM at the Named Insured address shown on the Declarations | *Named Insured* Sky High Sports LLC |
|---|---|---|
| *Additional Premium:* $0.00 | *Return Premium:* $0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** are each amended by adding the following:

Supplementary Payments shall reduce the Limit of Insurance of this Policy and shall first be subtracted from the Limit of Insurance with the remainder, if any, being the amount available to pay damages to which this insurance applies. If the Limit of Insurance of the Policy is exhausted prior to final settlement by the payment of settlements, judgments, awards, Supplementary payments or any combination thereof, we shall have the right to withdraw from any further defense by tendering control of the defense of the "suit" to you.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, a.(2)** is deleted and replaced with the following:

Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or Supplementary Payments under Coverages **A** or **B** or medical expenses under Coverage **C**.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 1. Insuring Agreement, a.(2)** is deleted and replaced with the following:

Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of judgments, settlements or Supplementary Payments under Coverages **A** or **B** or medical expenses under Coverage **C**.

**SECTION I – COVERAGES, SUPPLEMENTARY PAYMENTS – COVERAGES A** and **B** is deleted in its entirety and is replaced by the following:

We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

a. All expenses we incur.

b. The cost of bonds to release attachments, but only for bond amounts within the applicable Limit of Insurance. We do not have to furnish these bonds.

c. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

d. All costs taxed against the insured in the "suit".

e. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

f. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable Limit of Insurance.

These payments will reduce the Limit of Insurance.

CAS4004 0110

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

   a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

   b. This insurance applies to such liability assumed by the insured;

   c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

   d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

   e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

   f. The indemnitee:

      (1) Agrees in writing to:

         (a) Cooperate with us in the investigation, settlement or defense of the "suit";

         (b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

         (c) Notify any other insurer whose coverage is available to the indemnitee; and

         (d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

      (2) Provides us with written authorization to:

         (a) Obtain records and other information related to the "suit"; and

         (b) Conduct and control the defense of the indemnitee in such "suit".

   So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph 2.b.(2) of Section I – Coverage A – Bodily Injury And Property Damage Liability, such payments will be deemed to be damages for "bodily injury" and "property damage" and will reduce the Limit of Insurance.

   Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

   a. We have used up the applicable Limit of Insurance in the payment of judgments, settlements, or Supplementary Payments; or

   b. The conditions set forth above, or the terms of the agreement described in Paragraph f. above, are no longer met.

**SECTION III—LIMITS OF INSURANCE**, paragraphs 2., 3., 4., 5., and 6. are deleted and replaced with the following:

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard";

   c. Damages under Coverage B; and

   d. All Supplementary Payments.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard" and all Supplementary Payments.

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages and all Supplementary Payments because of all "personal and advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

    a.   Damages under Coverage **A**; and

    b.   Medical expenses under Coverage **C**; and

    c.   All Supplementary Payments

    because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6.  Subject to **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages and all Supplementary Payments because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

CAS4004 0110

Page 3 of 3

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MINIMUM POLICY PREMIUM

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| **Additional Premium:** $0.00 | **Return Premium:** $0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**

## SCHEDULE

| A. | Minimum and Deposit Premium: | 100 % |
|---|---|---|
| B. | Percentage of Minimum Premium retained: | 25 % |

This endorsement sets forth the minimum earned premium for this policy.  The minimum earned premium for this policy is calculated as follows:

1. The minimum and deposit premium for this policy is shown in item A. of the Schedule above and is a percentage of the total policy premium shown on the Declarations page of the policy plus any premium adjustments by endorsements and any additional premium developed by audit.

2. Audits that indicate a return premium will not reduce the minimum and deposit premium described in paragraph 1. above.

3. If the insured cancels this policy and the policy **is not** subject to audit, the return premium will be 90% of the unearned policy premium, however in no event will the Company retain less than the percentage that is shown in item B. of the Schedule above of the minimum and deposit premium described in paragraph 1. above.

4. If the insured cancels this policy and the policy **is** subject to audit, the earned premium will be determined by final audit however in no event will it be less than the percentage that is shown in item B. of the Schedule above of the minimum and deposit premium described in paragraph 1. above.

5. If the Company cancels the policy for any reason other than nonpayment of premium then the insured will be returned the full amount of the unearned premium as determined by premium audit and without any minimum premium restrictions.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION - ABSOLUTE POLLUTION AND POLLUTION RELATED LIABILITY

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: $0.00 | | Return Premium: $0.00 |

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

The following exclusions are added to this policy. If the policy already includes a pollution exclusion or a pollution related exclusion, such exclusion(s) is (are) deleted and replaced with the following:

1.  This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving:

    Pollution/environmental impairment/contamination or any expenses or any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising out of or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any person or entity, is excluded throughout this policy.

2.  This insurance does not apply to any damages, claim, or "suit" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" including but not limited to any:

    a.  "Bodily injury", "personal and advertising injury", "property damage" or other injury or damages for the devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, or any other type injury or expense; or

    b.  Any loss, cost, expense, fines and/or penalties arising out of any (i) request, demand, order, governmental authority or directive that of any private party or citizen action that any insured, or others, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess same, the effects of "pollutants", environmental impairments, contaminants or (ii) any litigation or administrative procedure in which any insured or others may be involved as a party as a result of actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or placement of "pollutants", environmental impairments, or contaminants into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer or ground water, whether sudden, accidental or gradual in nature or not, and regardless of when.

These exclusions apply regardless of whether:

1.  Injury or damage claimed is included within the "products-completed operations hazard" of the policy; or

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

2. An alleged cause for the injury or damage is the insured's negligent hiring, placement, training, supervision, retention, act, error or omission.

The following definition is added to the policy. If the policy already includes a definition of "pollutants" such definition is deleted and replaced with the following:

"Pollutants" means any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or "waste". "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION-NUCLEAR, BIOLOGICAL OR CHEMICAL MATERIALS

| *Attached To and Forming Part of Policy* | *Effective Date of Endorsement* | *Named Insured* |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| *Additional Premium:* | *Return Premium:* | |
| $0.00 | $0.00 | |

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

This insurance does not apply to any loss, injury, claim or damage arising directly or indirectly out of or relating to any activity by an individual acting alone, or individuals acting as part of a group, that involves any violent act, including the threat of any activity or preparation for any activity that involves the use, release, dispersal, discharge, escape or application of:

    a.   Nuclear materials, or directly results in nuclear reaction or radiation or radioactive contamination; or

    b.   Pathogenic or poisonous biological or chemical materials.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF OTHER ACTS OF TERRORISM COMMITTED OUTSIDE THE UNITED STATES; EXCLUSION OF PUNITIVE DAMAGES RELATED TO A CERTIFIED ACT OF TERRORISM; CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: | Return Premium: | |
| $0.00 | $0.00 | |

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

**A.** The following exclusions are added:

This insurance does not apply to:

**TERRORISM**

"Any injury or damage" arising, directly or indirectly, out of an "other act of terrorism" that is committed outside of the United States (including its territories and possessions and Puerto Rico), but within the "coverage territory". However, this exclusion applies only when one or more of the following are attributed to such act:

1. The total of insured damage to all types of property exceeds $25,000,000 (valued in U.S. dollars). In determining whether the $25,000,000 threshold is exceeded, we will include all insured damage sustained by property of all persons and entities affected by the terrorism and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions; or

2. Fifty or more persons sustain death or serious physical injury. For the purposes of this provision, serious physical injury means:

    a. Physical injury that involves a substantial risk of death; or

    b. Protracted and obvious physical disfigurement; or

    c. Protracted loss of or impairment of the function of a bodily member or organ; or

3. The terrorism involves the use, release or escape of nuclear materials, or directly or indirectly results in nuclear reaction or radiation or radioactive contamination; or

4. The terrorism is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

5. Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the terrorism was to release such materials.

With respect to this exclusion, Paragraphs **1.** and **2.** describe the thresholds used to measure the magnitude of an incident of an "other act of terrorism" and the circumstances in which the threshold will apply for the purpose of determining whether this exclusion will apply to that incident.

**TERRORISM PUNITIVE DAMAGES**

Damages arising, directly or indirectly, out of a "certified act of terrorism" that are awarded as punitive damages.

**B.** The following definitions are added:

1. For the purposes of this endorsement, "any injury or damage" means any injury or damage covered under any Policy to which this endorsement is applicable, and includes but is not limited to "bodily injury", "property damage", "personal and advertising injury", "personal injury", "injury" or "environmental damage" as may be defined in any applicable Policy.

2. "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act. The criteria contained in the Terrorism Risk Insurance Act for a "certified act of terrorism" include the following:

   **a.** The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act;

   **b.** The act resulted in damage:

      **(1)** Within the United States (including its territories and possessions and Puerto Rico); or

      **(2)** Outside of the United States in the case of:

         **(a)** An air carrier (as defined in Section 40102 of title 49, United States Code) or United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), regardless of where the loss occurs; or

         **(b)** The premises of any United States mission; and

   **c.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

3. "Other act of terrorism" means a violent act or an act that is dangerous to human life, property or infrastructure that is committed by an individual or individuals and that appears to be part of an effort to coerce a civilian population or to influence the policy or affect the conduct of any government by coercion, and the act is not a "certified act of terrorism".

   Multiple incidents of an "other act of terrorism" which occur within a seventy-two hour period and appear to be carried out in concert or to have a related purpose or common leadership shall be considered to be one incident.

**C.** In the event of an "other act of terrorism" that is not subject to these exclusions, coverage does not apply to any loss or damage that is otherwise excluded under this Policy.

**D.** If aggregate insured losses attributable to terrorist acts certified under the federal Terrorism Risk Insurance Act exceed $100 billion in a Program Year (January 1 through December 31) and we have met our insurer deductible under the Terrorism Risk Insurance Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION – COLLECTION OF PERSONAL IDENTIFICATION INFORMATION

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11  12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: $0.00 | Return Premium: $0.00 | |

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit", damages, defense costs, penalties or other expenses arising directly or indirectly out of, related to, or in any way involving any actual or alleged violation of the Song-Beverly Credit Card Act of 1971 (California Civil Code Section 1747-1748.7) or any other similar act, law or regulation regardless of where enacted.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

ADF3013 0611

Page 1 of 1

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION—MEDICAL PAYMENTS

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>09/21/11 12:01AM at the Named Insured address shown on the Declarations | Named Insured<br>Sky High Sports LLC |
|---|---|---|
| Additional Premium:<br>$0.00 | Return Premium:<br>$0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SECTION I – COVERAGES, COVERAGE C – MEDICAL PAYMENTS** and all references to it are deleted in their entirety and not replaced.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

CAS3009 0110

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION—NEW ENTITIES (COMMERCIAL GENERAL LIABILITY)

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11  12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium:<br>$0.00 | Return Premium:<br>$0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SECTION II – WHO IS AN INSURED,** item **4.** is deleted in its entirety.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

CAS3011 0110

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION –INSURED VS. INSURED

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: $0.00 | | Return Premium: |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to claims or "suits" for "bodily injury", "property damage" or "personal and advertising injury" brought by one insured against any other insured.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL POLICY EXCLUSIONS

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11  12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: $0.00 | Return Premium: $0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**
**LIQUOR LIABILITY COVERAGE**

The following exclusions are added to this policy:

**LEAD, ASBESTOS, SILICA EXCLUSION**

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving the manufacture, sale, lease, distribution, transportation, storage, handling, installation, repair, removal, clean-up, testing, inspection, detoxifying or neutralizing, disposal or other use of, ingestion, inhalation, exposure to, or contact with any goods, products, materials, plant life, or structures containing lead, asbestos or silica in any form including but not limited to claims arising out of continuous, intermittent or repeated exposure to or ingestion, inhalation or absorption of lead, asbestos, or silica in any form.

This exclusion applies:

1. To liability assumed in any contract or agreement;
2. To any obligation to pay or indemnify any person, entity, organization or governmental agency;
3. To any supervision, instructions, recommendations, requests, warnings, representations or advice given or which should have been given regarding the existence or control of lead, asbestos or silica; or
4. To any costs, expenses or damages arising out of any remedial investigation or feasibility studies or medical monitoring.

**PRIOR INJURY OR DAMAGE EXCLUSION**

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" which begins or takes place before the inception date of this policy, regardless of whether or not such "bodily injury," "property damage" or "personal and advertising injury" is known to any insured.  This exclusion shall apply even though the nature and extent of such damage or injury may change and even though the damage or injury may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" causing such "bodily injury," "property damage" or "personal and advertising injury" may be or may involve a continuous or repeated exposure to substantially the same general harm or condition.

If you are a contractor, builder or developer the following also applies:

All "property damage" to units of or within a single project or development and arising from the same general type of harm or condition, shall be deemed to occur at the time of damage to the first such unit, even though the existence, nature and extent of such damage may change and even though the "occurrence" causing such "property damage" may be or involve a continuous or repeated exposure to substantially the same general harm or condition which also

CAS3043 05 10

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

continues or takes place (in the case of repeated exposure to the substantially the same general harm or condition) during the policy period of this policy.

**DISCRIMINATION EXCLUSION**

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving discrimination of any kind, whether actual or alleged, nor to any expenses or obligation to share damages with or repay another who must pay damages from discrimination.

**EMPLOYMENT PRACTICES EXCLUSION**

This insurance does not apply to liability for employment-related practices, regardless of allegations, nor to any expenses nor to any obligation to share damages with or repay anyone else who must pay damages from same including but not limited to:
1. Refusal to employ or termination of employment;
2. Discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any form, humiliation or other employment related practices, policies, acts or omissions;
3. Consequential "bodily injury" or "personal and advertising injury" as a result of 1. or 2. above.

**CLASSIFICATION LIMITATION EXCLUSION**

This insurance applies only to the locations or operations that are described on the Declarations page, the extension of the Declaration Page or the Schedule of Classifications and Premium of this policy or on any endorsement attached thereto.

**DUTY TO DEFEND EXCLUSION**

Where there is no coverage under this policy, there is no duty to defend.

**PROFESSIONAL LIABILITY EXCLUSION**

This insurance does not apply to professional liability, malpractice, errors, or omissions or acts of any type including rendering or failure to render any type of professional service nor to any expenses or any obligation to share damages with or repay anyone else who must pay damages from same, unless such Professional Liability coverage is specifically endorsed onto this policy.

**FIDUCIARY EXCLUSION**

This insurance does not apply to any claim or "suit" arising directly or indirectly out of, related to, or, in any way involving:
1. Coercion, conversion or misappropriation of the funds or property of others;
2. Dishonest, fraudulent, criminal or malicious acts or omissions of the insured, or any partner or employee or any person for whom you are legally responsible; or
3. Activities or operations performed in the capacity of a fiduciary.

**WAR EXCLUSION**—the War Exclusion in the policy is deleted and replaced with the following:
This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving:
1. Hostile or warlike action in time of peace or war, including any action in hindering, combating or defending against an actual impending or expected attach by:
   a. Any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces;

CAS3043 0510                                                                 Page 2 of 3

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

    b.   Military or naval or air forces, or

    c.   An agent of a. or b. above, it being understood that any discharge, explosion or use of any weapon of war employing nuclear fission or fusion, or biological, chemical or radiological discharge shall be conclusively presumed to be such hostile or warlike action by such a government, power, authority or forces.

2.   Insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an event.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# FUNGI OR BACTERIA EXCLUSION

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>09/21/11 12:01AM at the Named Insured address shown on the Declarations | Named Insured<br>Sky High Sports LLC |
|---|---|---|
| Additional Premium:<br>$0.00 | | Return Premium:<br>$0.00 |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

    **2. Exclusions**

    This insurance does not apply to:

    **Fungi Or Bacteria**

    **a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

    **b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

    **2. Exclusions**

    This insurance does not apply to:

    **Fungi Or Bacteria**

    **a.** "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

    **b.** Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.** The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

© ISO Properties, Inc.,  2003

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF PUNITIVE DAMAGES
## RELATED TO A CERTIFIED ACT OF TERRORISM

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>09/21/11 12:01AM at the Named Insured address shown in the Declarations | Named Insured<br>Sky High Sports LLC |
|---|---|---|
| Additional Premium:<br>$0.00 | Return Premium:<br>$0.00 | |

**This endorsement modifies insurance provided under the following:**

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM PUNITIVE DAMAGES**

Damages arising, directly or indirectly, out of a "certified act of terrorism" that are awarded as punitive damages.

**B.** The following definition is added:

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act. The criteria contained in the Terrorism Risk Insurance Act for a "certified act of terrorism" include the following:

**1.** The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

**2.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

IL 00 21 09 08

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION
## ENDORSEMENT
## (BROAD FORM)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   **A.** Under any Liability Coverage, to "bodily injury" or "property damage":

   **(1)** With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   **(2)** Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   **B.** Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   **C.** Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

   **(1)** The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

   **(2)** The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

   **(3)** The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

© ISO Properties, Inc., 2007

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

    **(a)** Any "nuclear reactor";

    **(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

    **(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

    **(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2007
IL 00 21 09 08

POLICY NUMBER: 0100003284-0

IL 09 85 01 08

**THIS ENDORSEMENT IS ATTACHED TO AND MADE PART OF YOUR POLICY IN RESPONSE TO THE DISCLOSURE REQUIREMENTS OF THE TERRORISM RISK INSURANCE ACT. THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.**

## DISCLOSURE PURSUANT TO TERRORISM RISK
## INSURANCE ACT

### SCHEDULE

| |
|---|
| **Terrorism Premium (Certified Acts) $** 0.00 |
| **This premium is the total Certified Acts premium attributable to the following Coverage Part(s), Coverage Form(s) and/or Policy(s):** |
| |
| **Additional information, if any, concerning the terrorism premium:** |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Disclosure Of Premium**

In accordance with the federal Terrorism Risk Insurance Act, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to coverage for terrorist acts certified under the Terrorism Risk Insurance Act. The portion of your premium attributable to such coverage is shown in the Schedule of this endorsement or in the policy Declarations.

**B. Disclosure Of Federal Participation In Payment Of Terrorism Losses**

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program. The federal share equals 85% of that portion of the amount of such insured losses that exceeds the applicable insurer retention. However, if aggregate insured losses attributable to terrorist acts certified under the Terrorism Risk Insurance Act exceed $100 billion in a Program Year (January 1 through December 31), the Treasury shall not make any payment for any portion of the amount of such losses that exceeds $100 billion.

**C. Cap On Insurer Participation In Payment Of Terrorism Losses**

If aggregate insured losses attributable to terrorist acts certified under the Terrorism Risk Insurance Act exceed $100 billion in a Program Year (January 1 through December 31) and we have met our insurer deductible under the Terrorism Risk Insurance Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

© ISO Properties, Inc., 2007

# KINSALE PRIVACY POLICY

We value you as a customer and respect your right to privacy. We pledge our commitment to treat your information responsibly, and we created this privacy policy to show you that we are working hard to protect your privacy.

**Confidentiality and security**
We use physical and technical safeguards to protect your information. We restrict access to your information to those who need it to perform their jobs. Third-party business partners are bound by law to use the information only for our purposes. They may not disclose it or use it in any other way. We comply with all data security laws.

**Collecting your personal information**
We collect personal information about you from different sources. For example, we collect information you send us on applications and forms. We also collect information from your transactions with our sister companies, others, or us. We may collect information from a consumer-reporting agency, demographic firm, or medical provider. This collection depends on the product or service you request.  Sometimes, we must collect medical information to provide you a product or to pay a claim. We do not use or share your medical information for any marketing purpose unless we receive your permission. We use medical information when underwriting insurance, servicing your policy, account, or claim, as required or permitted by law, at your request and with your authorization.

**Sharing your personal information**
We do not sell your information to anyone. We may share this information with a business that carries out services and marketing for us. We may share your information as required or permitted by law. We may share your information for a legal or regulatory purpose or to combat fraud. This sharing depends on the products you select. We may share information we receive from you on applications or other forms. This may include your name, address, beneficiaries, Social Security number, and family member information. This may also include assets, income, and the property address and value. We may share information from your transactions with our sister companies, or us. This may include your account balance, policy coverage, and payment history. This may also include premium paid, preferences, claims, and purchase method.  We may share information we receive from a consumer-reporting agency or other report. This may include your credit report, motor vehicle, and driver data. This may also include medical and employment data, loss history reports, and other driver data.  We strive to keep our records as accurate as possible.  We attempt to maintain accurate records about you and will make appropriate corrections when you notify us.  We are not responsible for the collection, use, accuracy or security of information by the companies or organizations outside of the Kinsale family of companies.

**Information sharing and opt out**
We do not sell your personal information to anyone for any reason. We do not share it, except to service your product. These reasons are described in more detail above and are permitted by federal and state law. Therefore, there is no need for you to opt out. If we change our sharing policy, we will tell you and give you a chance to opt out before we share your information.

**Information collected from Web sites**
Kinsale may collect the information you provide when you request information from one of our Web sites, use online tools and calculators, apply online for products, subscribe to online services, complete an online form, or conduct transactions online.  Kinsale contracts with certain unaffiliated business partners who help us deliver online products and services. They may keep the information you provide.  Kinsale may collect site aggregate and customer-specific information about the pages you view on our site.

**Use of "cookies" and E-mails**
Kinsale may store a cookie on a person's computer when they visit our Web site. Cookies allow a person to request information and do business online. The cookies do not have confidential or personal information. They do not track a user after leaving our Web site.  Kinsale may keep the e-mails you send to us. If you choose to send us e-mail, we keep your e-mail, your e-mail address, and our reply.

**Please send privacy inquiries to:**
Kinsale Insurance Company--Attn: Regulatory Compliance
P.O. Box 17008
Richmond, VA 23226
We will provide one copy of this notice to joint policy or contract holders. Please share this information with everyone covered by your policy or contract. If you request, we will send more copies of this statement.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## SIGNATURE ENDORSEMENT

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11 12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |
| Additional Premium: $0.00 | Return Premium: $0.00 | |

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

By signing and delivering this policy to you, we state that it is a valid contract when signed as below by our authorized representatives.

_____
Secretary

_____
President

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

ADF9004 0110                                                                 Page 1 of 1

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL (OFAC)

## ADVISORY NOTICE TO POLICYHOLDERS

This Notice shall not be construed as part of your policy and no coverage is provided by this Notice nor can it be construed to replace any provisions of your policy.  You should read your policy and review your Declarations page for complete information on the coverages your policy provides.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. Please read this Notice carefully.

The Office of Foreign Assets Control administers and enforces sanctions policy, based on Presidential declarations of national emergency.   OFAC has identified and listed numerous Foreign Agents, Front Organizations, Terrorists, Terrorist organizations and Narcotics traffickers as "Specially Designated Nationals and Blocked Persons".  This list can be located on the United States Treasury's web site—http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a "Specially Designated National and Blocked Person", as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments and no premium refunds may be made without authorization from OFAC.  Other limitations on the premiums and payments also apply.

ADF9009 0110

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES

**Policy Change Number: 1**

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11      12:01AM  at  the  Named Insured address shown on the Declarations | Sky High Sports LLC |

| Additional Premium: | Return Premium: |
|---|---|
| 0.00 | $0.00 |

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

### SCHEDULE

Designation of Premises (Part Leased to You): 1631 Challenge Drive, Concord, CA 94520
Name of Person or Organization (Additional Insured): Rosswood Villa Apartments, LLC, c/o Bayside Realty Partners
                                1091 Industrial Road, Ste 200, San Carlos CA 94070

Designation of Premises (Part Leased to You): 1445 120th Avenue NE, Bellevue, WA 92626
Name of Person or Organization (Additional Insured): Pine Forest Properties, Inc.
                                11980 NE 24th St, Ste 200, Bellevue WA 98005

Designation of Premises (Part Leased to You): 2880 Mead Avenue, Santa Clara, CA 95051
Name of Person or Organization (Additional Insured): Mead Ventures, Inc.
                                2900 Mead Avenue, Santa Clara CA 95051

Designation of Premises (Part Leased to You): 2970 Airway Avenue, Costa Mesa, CA 92626
Name of Person or Organization (Additional Insured): Lakeshore Enterprises
                                22391 Harwich Lane, Huntington Beach CA 92645

Designation of Premises (Part Leased to You): 11327 Folsom Boulevard #160, Rancho Cordova, CA 95742
Name of Person or Organization (Additional Insured): 21st Century Investments, Inc
                                11230 Gold Express Dr #200, Gold River CA 95670

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section **II**) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.

2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

CG 20 11 01 96                     Copyright, Insurance Services Office, Inc., 1994                     Page 1 of 1

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED – LESSOR OF LEASED EQUIPMENT – AUTOMATIC STATUS WHEN REQUIRED IN LEASE AGREEMENT WITH YOU

**Policy Change Number: 2**

| Attached To and Forming Part of Policy | Effective Date of Endorsement | Named Insured |
|---|---|---|
| 0100003284-0 | 09/21/11  12:01AM at the Named Insured address shown on the Declarations | Sky High Sports LLC |

| Additional Premium: | Return Premium: |
|---|---|
| $0.00 | $0.00 |

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Who Is An Insured (Section II)** is amended to include as an additional insured any person or organization from whom you lease equipment when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your maintenance, operation or use of equipment leased to you by such person or organization.

A person's or organization's status as an additional insured under this endorsement ends when their contract or agreement with you for such leased equipment ends.

**B.** With respect to the insurance afforded to these additional insureds, this insurance does not apply to any "occurrence" which takes place after the equipment lease expires.

CG 20 34 07 04 © ISO Properties, Inc., 2004 Page 1 of 1

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## SPLIT RETROACTIVE DATE – LIMITS OF INSURANCE ENDORSEMENT

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>10/21/11 12:01AM at the Named Insured<br>address shown on the Declarations | Named Insured<br>Sky High Sports LLC |
|---|---|---|
| Additional Premium:<br><br>$0.00 | Return Premium:<br><br>$0.00 | |

This endorsement modifies insurance under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The RETROACTIVE DATE and LIMITS OF INSURANCE on the Declarations are amended as shown below:

### SCHEDULE OF LIMITS OF INSURANCE AND RETROACTIVE DATES

| The following Limit of Insurance applies to "bodily injury" or "property damage" or offenses that take place subsequent to the Retroactive Date shown below and prior to any later Retroactive Date. | | |
|---|---|---|
| Retroactive Date: | 09/21/2011 | at 12:01 AM at the address of the named insured shown on the Declarations |
| Coverage A—Each Occurrence Limit: | | $1,000,000 |
| Damage to Premises Rented to You Limit: | | $100,000 |
| Coverage B—Personal & Advertising Injury Any One Person Or Organization Limit: | | $1,000,000 |
| General Aggregate Limit: | | $1,000,000 |
| Products/Completed Operations Aggregate Limit: | | $1,000,000 |

| The following Limit of Insurance applies to "bodily injury" or "property damage" or offenses that take place subsequent to the Retroactive Date shown below and prior to the end of the "policy period". | | |
|---|---|---|
| Retroactive Date: | 10/21/11 | at 12:01 AM at the address of the named insured shown on the Declarations |
| Coverage A—Each Occurrence Limit: | | $1,000,000 |
| Damage to Premises Rented to You Limit: | | $100,000 |
| Coverage B—Personal & Advertising Injury Any One Person Or Organization Limit: | | $1,000,000 |
| General Aggregate Limit: | | $2,000,000 |
| Products/Completed Operations Aggregate Limit: | | $1,000,000 |

For the purposes of determining the applicable Retroactive Date, all "bodily injury" or "property damage" or offenses logically or causally connected by any common fact, circumstance, situation, transaction, event, service, advice or decision will be deemed to have first taken place at the time the first of such "bodily injury" or "property damage" or offense took place. All such "bodily injury" or "property damage" or offense will be deemed to be the same "bodily injury" or "property damage" or offense even though the nature and extent of any resulting injury or damage may change and even though the resulting injury or damage may be continuous, progressive, cumulative, changing or evolving, and even though the resulting injury or damage may be or may involve a continuous or repeated exposure to substantially the same general harm.

CAS2032 1111

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

All claims based upon such related "bodily injury" or "property damage" or offense shall be deemed to constitute a single claim and be subject to a single Limit of Insurance. Under no circumstances shall more than one Limit of Insurance apply to related "bodily injury" or "property damage" or offenses.

Such Limits of insurance do not apply cumulatively and cannot be stacked or aggregated.  Only one Limit of Insurance may apply to any one claim and in no event will the General Aggregate Limit of Insurance for this Policy exceed the higher of the General Aggregate Limits shown above.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

CAS2032 1111

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## POLICY DECLARATIONS CHANGES

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>10/21/11    12:01AM at the Named Insured<br>address shown on the Declarations | Named Insured<br>Sky High Sports LLC |
|---|---|---|
| Additional Premium:<br><br>$41,250.00 | Return Premium:<br><br>$0.00 | |

Policy Change Number: 3

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

The following item(s):

| | | | |
|---|---|---|---|
| ☐ | Named Insured | ☐ | Insured's Mailing Address |
| ☐ | Policy Number | ☐ | Company |
| ☐ | Effective/Expiration Date | ☐ | Insured's Legal Status/Business of Insured |
| ☐ | Retroactive Date | ☐ | Premium Basis |
| ☐ | Additional Interested Parties | ■ | Coverage Forms and Endorsements |
| ■ | Limits/Exposures | ☐ | Deductibles |
| ☐ | Covered Property/Located Description | ☐ | Classification/Class Codes |
| ☐ | Rates | ☐ | Description of Operations |
| ☐ | Broker of Record | ☐ | Increase/Decrease in Policy Values |
| ☐ | Company Fee Amendment | ☐ | Underlying Insurance Information |
| ☐ | Extended Reporting Period Endorsement | ☐ | Location Address |

is (are) changed as shown **{See Additional Page(s)}:**

The above amendments result in a change in the premium as shown above.

| Signed By: |
| --- |

(Authorized Representative)

| **POLICY CHANGES ENDORSEMENT DESCRIPTION** |
| --- |

For an additional $41,250.00 in premium, the following changes are made to the policy:

The General Aggregate Limit is increased to $2,000,000 as shown on the attached form, CAS2032-1111 - Split Retroactive Date – Limits of Insurance Endorsement.

Form **CAS2009-0110** - General Liability Changes-Claims Made to Claims Made and Reported is deleted from the policy and replaced with the revised form **CAS2009-1111** - General Liability Changes-Claims Made to Claims Made and Reported.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GENERAL LIABILITY CHANGES – CLAIMS MADE TO CLAIMS MADE AND REPORTED

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>10/21/11 12:01AM at the Named Insured<br>address shown on the Declarations | Named Insured<br>Sky High Sports LLC |
|---|---|---|
| Additional Premium:<br><br>$0.00 | Return Premium:<br><br>$0.00 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SECTION I – COVERAGES - COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY -1. Insuring Agreement, b.** and **c.** are deleted and replaced with the following:

**b.**   This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period;

    **(3)** A "claim" for damages because of the "bodily injury" or "property damage" is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or any Extended Reporting Period we provide under Section **V**-Extended Reporting Periods; and

    **(4)** A "claim" for damages because of the "bodily injury" or "property damage" is first reported in writing to the Company during the policy period.

**c.**   A "claim" by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

    **(1)** When notice of such "claim" is received and recorded by any insured or by us, whichever comes first; or

    **(2)** When we make settlement in accordance with Paragraph **1.a** of the **Insuring Agreement**.

All "claims" for damages because of "bodily injury" to the same person, including damages claimed by any person or organization for care, loss of services, or death resulting at any time from the "bodily injury", will be deemed to have been made at the time the first of those "claims" is made against any insured.

All "claims" for damages because of "property damage" causing loss to the same person or organization will be deemed to have been made at the time the first of those "claims" is made against any insured.

**SECTION I- COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 1.Insuring agreement, b.** and **c.** are deleted and replaced with the following:

**b.**   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if:

    **(1)** The offense was committed in the "coverage territory";

    **(2)** The offense was not committed before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period;

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

   **(3)** A "claim" for damages because of the "personal and advertising injury" is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or any Extended Reporting Period we provide under Section **V**-Extended Reporting Period; and

   **(4)** A "claim" for damages because of "personal and advertising injury" is first reported in writing to the Company during the policy period.

**c.**   A "claim" made by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

   **(1)** When notice of such "claim" is received and recorded by any insured or by us, whichever comes first; or

   **(2)** When we make settlement in accordance with Paragraph **1.a** of the **Insuring Agreement**.

   All "claims" for damages because of "personal and advertising injury" to the same person or organization as a result of an offense will be deemed to have been made at the time the first of those "claims" is made against any insured.

**SECTION V-DEFINITIONS** is amended by adding the following:

"Claim" means a written demand for services or monetary damages.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# POLICY DECLARATIONS CHANGES

| Attached To and Forming Part of Policy<br>0100003284-0 | Effective Date of Endorsement<br>08/27/12  12:01AM at the Named Insured<br>address shown on the Declarations | Named Insured<br>Sky High Sports LLC |
|---|---|---|
| Additional Premium:<br><br>$0.00 | Return Premium:<br><br>$0.00 | |

Policy Change Number: 4

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

The following item(s):

| | | | |
|---|---|---|---|
| ☐ | Named Insured | ☐ | Insured's Mailing Address |
| ☐ | Policy Number | ☐ | Company |
| ☐ | Effective/Expiration Date | ☐ | Insured's Legal Status/Business of Insured |
| ☐ | Retroactive Date | ☐ | Premium Basis |
| ☐ | Additional Interested Parties | ☐ | Coverage Forms and Endorsements |
| ☐ | Limits/Exposures | ☐ | Deductibles |
| ■ | Covered Property/Located Description | ■ | Classification/Class Codes |
| ☐ | Rates | ☐ | Description of Operations |
| ☐ | Broker of Record | ☐ | Increase/Decrease in Policy Values |
| ☐ | Company Fee Amendment | ☐ | Underlying Insurance Information |
| ☐ | Extended Reporting Period Endorsement | ☐ | Location Address |

is (are) changed as shown **{See Additional Page(s)}:**

The above amendments result in a change in the premium as shown above.

| Signed By: |
|---|
| _(signature)_ |
| (Authorized Representative) |

| POLICY CHANGES ENDORSEMENT DESCRIPTION |
| --- |

For no change in premium, the following location and classification are hereby added as follows:

Location 7 located at 2444 Empire Ranch Rd., Carson City, NV 89701 is hereby added to Commercial General Liability Declarations form CAS1001 0110 and Limitation of Coverage to Designated Project or Premises form CAS2002-0110.

The following class is hereby added to Commercial General Liability Declarations form CAS1001 0110:

| Class Code | Class Description | Basis of Premium | Exposure | Rate | Premium |
| --- | --- | --- | --- | --- | --- |
| 61224.01 | Building or Premises – Office- Premises Occupied by employees of insured | Per $1,000 Square Feet | 6,700 | Included | Included |

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.