KENNETH D. SISCO, ESQ.
State Bar No. 69814
3574 Bluff Street
Norco, California  92860
714  265-7766
skendbiz@gmail.com

Attorney for Defendants,
Sky High Sports entities

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>SKY HIGH SPORTS LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS CONCORD LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS NASH-VILLE LLC, a Nevada and Tennessee Limited Liability Company, SKY HIGH SPORTS ONTARIO LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS OPPORTUNITIES LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS ORANGE COUNTY LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS SACRAMENTO, a California and Nevada Limited Liability Company, SKY HIGH SPORTS SANTA CLARA LLC, a California and Nevada Limited Liability Company, SKY HIGH SPORTS SEATTLE LLC,  ) a Nevada and Washington Limited Liability Company, and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-02086-MCE<br><br>**ANSWER TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR BREACH OF CONTRACT (Deductable and Premiums), MONEY DUE FOR UNPAID INSURANCE PREMIUMS, OPEN BOOK ACCOUNT, AND MONEY HAD AND RECEIVED** |

//

//

ANSWER TO AMENDED COMPLAINT - 1

SKY HIGH SPORTS LLC, SKY HIGH SPORTS CONCORD LLC, SKY HIGH SPORTS NASHVILLE LLC, SKY HIGH SPORTS ONTARIO LLC, SKY HIGH SPORTS OPPORTUNITIES LLC, SKY HIGH SPORTS SACRAMENTO, SKY HIGH SPORTS SANTA CLARA LLC, hereinafter referred to as "These Answering Defendants," answering the Complaint of the Plaintiff, admit, deny and allege as follows:

1. Answering Paragraph 1 of the Complaint, these Answering Defendants admit that Plaintiff insured the named Defendants herein, which are the "named insured," within the designated policies of insurance. These Answering Defendants specifically deny that Plaintiff insured any "subsidiaries and/or affiliates," of SKY HIGH SPORTS LLC, or those of any of the other named Defendants.

2. Answering Paragraph 2 of the Complaint, these Answering Defendants admit the allegations contained therein on information and belief.

3. Answering Paragraph 3-8 of the Complaint, these Answering Defendants admit the allegations contained therein. However, these Answering Defendants deny operating any facility.

4. Answering Paragraph 9 of the Complaint, these Answering Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 8.

5. Answering Paragraph 10 and 11 of the Complaint, these Answering Defendants admit the allegations contained therein.

6. Answering Paragraph 12 of the Complaint, these Answering Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 11.

7. Answering Paragraph 13 of the Complaint, these Answering Defendants deny the allegations contained therein.

8. Answering Paragraph 14 of the Complaint, these Answering Defendants admit the allegations contained therein.

9. Answering Paragraph 15 of the Complaint, these Answering Defendants admit that Kinsale is contractually entitled to perform an audit of each of the named insureds. Except as specifically admitted, these Answering Defendants deny the allegations contained in Paragraph 15.

10. Answering Paragraph 16 of the Complaint, on information and belief, these Answering Defendants admit that Kinsale retained Overland Solutions, Inc. Except as specifically admitted, these Answering Defendants deny the allegations contained in Paragraph 16.

11. Answering Paragraph 17 of the Complaint, these Answering Defendants admit that Kinsale filed its original Complaint on September 2014, moved for Summary Judgment, and obtained a ruling. Except as specifically admitted, these Answering Defendants deny the allegations contained in Paragraph 17, and specifically denies that Kinsale has been "forced" to retain counsel and incur legal fees..

12. Answering Paragraphs 18 through 21 of the Complaint, these Answering Defendants generally admit the allegations contained therein.

13. Answering Paragraph 22 and 23 of the Complaint, these Answering Defendants have neither information nor belief, sufficient to permit them to either admit or deny the allegations, and on that basis deny them.

### THE KINSALE POLICIES

14. Answering Paragraph 24 of the Complaint, these Answering Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 23.

15. Answering Paragraphs 25 and 26 of the Complaint, these Answering Defendants admit the allegations contained therein, on information and belief.

16. Answering Paragraphs 27 to 29, of the Complaint, these Answering Defendants deny the allegations contained therein.

ANSWER TO AMENDED COMPLAINT - 3

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

### (Deductible and Retrospective Premium Invoices Against All Defendants)

17. Answering Paragraph 30 of the Complaint, these Answering Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 29.

18. Answering Paragraph 32 of the Complaint, these Answering Defendants deny the allegations contained therein.

19. Answering Paragraph 33 of the Complaint, these Answering Defendants admit that they have received some benefit of insurance coverage. Except as specifically admitted, these Answering Defendants deny the allegations contained in Paragraph 33.

20. Answering Paragraphs 34 and 36, of the Complaint, these Answering Defendants deny the allegations contained therein.

21. Answering Paragraph 35 of the Complaint, these Answering Defendants deny the allegations contained therein, and specifically deny that Plaintiff has been damaged by these Answering Defendants, in any sum, or at all.

## SECOND CAUSE OF ACTION

## MONEY DUE FOR UNPAID INSURANCE PREMIUMS

### (Against All Defendants)

22. Answering Paragraph 37 of the Complaint, these Answering Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 36.

23. Answering Paragraph 38 of the Complaint, these Answering Defendants deny the allegations contained therein.

ANSWER TO AMENDED COMPLAINT - 4

24. Answering Paragraph 39 of the Complaint, these Answering Defendants admit that they accepted the contracts and agreed to pay any amounts due. Except as specifically admitted, these Answering Defendants deny the allegations contained in Paragraph 39.

25. Answering Paragraphs 40, of the Complaint, these Answering Defendants admit that demand was made for a sum allegedly due. Except as specifically admitted, these Answering Defendants deny the allegations contained in Paragraph 40.

## THIRD CAUSE OF ACTION

## OPEN BOOK ACCOUNT

**(Against All Defendants)**

26. Answering Paragraph 41 of the Complaint, these Answering Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 40.

27. Answering Paragraph 42 of the Complaint, these Answering Defendants deny the allegations contained therein.

## FOURTH CAUSE OF ACTION

## MONEY HAD AND RECEIVED (QUANTUM VALEBANT)

**(Against All Defendants)**

28. Answering Paragraph 43 of the Complaint, these Answering Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 42.

29. Answering Paragraphs 44 and 45 of the Complaint, these Answering Defendants deny the allegations contained therein.

30. Paragraph 46 requires no response.

//

//

ANSWER TO AMENDED COMPLAINT - 5

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff's Complaint fails to state sufficient facts to constitute a cause of action against these Answering Defendants.

SECOND AFFIRMATIVE DEFENSE

32.     Plaintiff's Complaint is barred or diminished by the equitable doctrine of laches.  Plaintiff, did not initiate its audit until after its relationship with Defendants had ended, and more than three years after it first insured Defendants.  Now, a dispute has arisen as to how Defendants' businesses are structured, and what revenues should be considered in computing premiums.  If Plaintiff had acted in a timely manner, Defendants could have restructured its businesses and/or sought other coverage and/or from a different insurer.

THIRD AFFIRMATIVE DEFENSE

33.     These Answering Defendants, presently have insufficient knowledge or information on which to form a belief as to whether or not it may have additional, as yet unstated affirmative defenses available. These Answering Defendants, therefore, reserve the right to assert additional affirmative defenses in the event discovery dictates that they would be appropriate.

WHEREFORE, these Answering Defendants, SKY HIGH SPORTS CONCORD LLC, SKY HIGH SPORTS NASHVILLE LLC, SKY HIGH SPORTS ONTARIO LLC, SKY HIGH SPORTS OPPORTUNITIES LLC, SKY HIGH SPORTS SACRAMENTO, SKY HIGH SPORTS SANTA CLARA LLC, pray judgment against Plaintiff and any other Defendant, and each of them as follows:

1.     That Plaintiff have and recover nothing of these Answering Defendants, and that the Complaint of Plaintiff be dismissed.

//

ANSWER TO AMENDED COMPLAINT - 6

2. For a Judgment against Plaintiff and any other Defendant, and each of them, for these Answering Defendants' attorney fees, courts costs, investigative costs, and other costs incurred in defending this action, according to proof;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court may deem just and proper.

Dated:  June 2, 2016                               /s/ Kenneth D. Sisco
                                                   By KENNETH D. SISCO, Attorney for Defendants

ANSWER TO AMENDED COMPLAINT - 7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of June, 2016, the ANSWER TO AMENDED COMPLAINT was filed electronically.  Notice of this filing was sent to the following parties by operation of the court's electronic filing system.  Parties may access this filing through the Court's system.

HINSHAW AND CULBERTSON
Robert J. Romero
One California Street, 18th Floor
San Francisco, CA  94111
rromero@hinshawlaw.com

Dated:  June 2, 2016                                /s/    Kenneth D. Sisco
                                                    KENNETH D. SISCO, Attorney for Defendants
                                                    Email:  skendbiz@gmail.com