1  KENNETH D. SISCO, ESQ.
   State Bar No. 69814
2  3574 Bluff Street
   Norco, California  92860
3  714  265-7766
   skendbiz@gmail.com
4

5  Attorney for Defendants,
   Sky High Sports Entities
6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 | KINSALE INSURANCE COMPANY,       ) Case No. 2:14-cv-02086 MCE
   | an Arkansas corporation,          )
12 |                                   ) **DEFENDANTS' OPPOSITION TO
   |         Plaintiff,                ) MOTION FOR SUMMARY
13 |                                   ) AJUDICATION**
   |    vs.                            )
14 |                                   )
15 | SKY HIGH SPORTS CONCORD LLC,     )
   | a California and Nevada Limited   ) **DATE:**   October 20, 2016
16 | Liability Company, SKY HIGH      ) **TIME:**   2:00 p.m.
   | SPORTS NASHVILLE LLC, a Nevada   ) **DEPT.:**  14 / Judge Morrison C.
17 | and Tennessee Limited Liability   )            England, Jr.
   | Company, SKY HIGH SPORTS          )
18 | ONTARIO LLC, a California and     )
   | Nevada Limited Liability Company, ) First Amended Complaint
19 | SKY HIGH SPORTS                   )   Filed:  May 23, 2016
   | OPPORTUNITIES LLC, a California   )
20 | and Nevada Limited Liability Company, )
   | SKY HIGH SPORTS SACRAMENTO       )
21 | LLC, a California and Nevada Limited )
   | Liability Company, SKY HIGH      )
22 | SPORTS  SANTA CLARA LLC, a       )
   | California and Nevada Limited Liability )
23 | Company,                          )
   |                                   )
24 |         Defendants.                )

25

26

27

28

                                    1
DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION - Case No. 2:14-CV-02086 MCE

## I. INTRODUCTION

While preparing Defendants' Opposition, it occurred to undersigned, that this matter can be completely resolved, perhaps simply by meeting and conferring, but certainly with only minimal assistance from the Court. Defendants concede that monies are owed to Plaintiff, and that Plaintiff is entitled to Judgment.

At the bottom of page 1 of the Points and Authorities to the Motion, Plaintiff states,

> By this motion, Kinsale seeks adjudication of liability and damages under two of the five policies at issue when this case fir commenced, Policy No. 0100003284-0 (the 2011 – 2012 Policy) and Policy No. 0100003284-1 (the 2012 – 2013 Policy). At a minimum Kinsale seeks summary adjudication as to liability, for breach of contract with a prove up hearing as to damages to follow if necessary as to any reasonably disputed damages. However, Kinsale contends the damages claimed are uncontestable.

Defendants have been willing, and are willing to stipulate to this process, assuming they are allowed to participate in the prove up hearing.

It is Defendants' position that there are only three issues, to be determined as follows:

1. The amount of reimbursement owed Plaintiff for claims paid.

2. Whether revenues received by Sky High Sports Opportunities, LLC should be excluded from Gross sales as defined in paragraph F of the policy, as Royalty payments.

3. Whether Sky High Sports, LLC should be classified as an "Amusement Centers" (which it is clearly not) under class code 10015.01, as opposed to

"Buildings or Premises – office- premises occupied by employees of the insured," under class code 61224.01.

## II. STATEMENT OF FACTS

Defendants are in general agreement with Plaintiff's statement of facts in Paragraphs A. Procedural History; B. The Policies Issued To Defendants And Their Terms; and C. Minimum Policy Premium Endorsement Provisions.

Paragraph D. The Audit and Post-Audit Disputes, beginning on Page 10 of Plaintiff's Points and Authorities, on the other hand, is pure self-serving argument, and should have been included in part III. Argument. Except as to issue number 1. "The amount of reimbursement owed Plaintiff for claims paid," Defendants vehemently dispute the "facts" set forth therein, and the interpretation of those facts, as well as, the pertinent portions of the policies, as set forth. These disputed facts and interpretations will be discussed further below in the Argument section.

## III. ARGUMENT

It is respectfully submitted that there are three issues here as follows:

**A. The Amount Of Reimbursement Owed Plaintiff For Claims Paid.**

Defendants concede that Plaintiff is owed Reimbursement for claims paid.

**B. Whether Revenues Received By Sky High Sports Opportunities, LLC Should Be Excluded From Gross Sales As Defined In Paragraph F Of The Policy, As Royalty Payments.**

One of the disputes between Kinsale and the Defendant Sky High Entities, and specifically Sky High Sports Opportunities, LLC, hereinafter referred to as Opportunities, are the charges by Kinsale to Opportunities based on royalties paid to Opportunities, which should be excluded, under "Basis of Premium," Endorsement ADF4002 0110, p. 2 of 5; Docket 37-28, Page 35 of 73, Exhibit A to Samual's Declaration, as well as Jerry Raymond's Declaration, as Exhibit "A."

Sky High Sports Opportunities is a Franchisor, pursuant to California Corporations Code, Sections 31000 to 31516, and as clarified in Commissioner's Release 3-F, at http://www.dbo.ca.gov/Commissioner/Releases/3-F.asp.  As such, Opportunities has created Franchise relationships with several Franchises.  On page one of the Franchise Agreement, under Recitals, (a true copy of relevant pages of the Agreement are attached to Jerry Raymond's Declaration as Exhibit "B,") it is stated that,

> WHEREAS, Sky High Sports has developed a business concept and plan for a full-service trampoline arena and related systems for the promotion and assistance of independently owned and operated indoor trampoline arenas, the distinguishing characteristics of which include, but are not limited to: (a) certain policies, procedures, design strategies, and techniques designed to enable such businesses to operate and perform effectively; and (b) the common use and promotion of the Marks and Sky High Sports' copyrighted materials, trade dress, trade secrets, and management training programs (collectively, the "Policies and Procedures" or "PNP"); and

Based on the foregoing, Opportunities grants a license (See Paragraph 1.1 of the Franchise Agreement, which is Exhibit A to the Franchise Disclosure Document,) to

the Franchisee to operate a business making use of this proprietary property, including, but not limited to, policies, procedures, marks trade dress, trade secrets, and management training programs. (See Paragraph 1.2 of the Franchise Agreement.)

Pursuant to Paragraph 2.2, of Exhibit B, entitled "Royalty to Sky High Sports," Opportunities charges the Franchisee a "Royalty" based on a percentage of the Franchisee's gross revenue. Paragraph 2.2, of Exhibit B states in pertinent part that,

> 2.2.    <u>Royalty to Sky High Sports</u>. Starting on the first day that Franchisee's Business opens to the public (the "Opening Date"), and for the term of this Agreement, Franchisee shall owe to Sky High Sports a royalty of 8% of Franchisee's Gross Revenues, (the "Royalty") except that said royalty fees shall be reduced to 6% (six percent) per month for any particular month that gross sales do not total at least $150,000.00. Franchisee will pay the Royalty to Sky High Sports on the 15[th] day of each month on Gross Revenues of the prior calendar month. …

These are not product sales, in conformance with Paragraph F.3.e, Exclusions, listed on Exhibit "A," to both Samual's and Raymond's Declarations.

Opportunities is a Franchisor that, except to protect its proprietary property, has little or nothing, to do with the operation of any Amusement Centers, under which classification, Kinsale is attempting to bill premiums to Opportunities. See the "Commercial General Liability Declarations – Claims Made," at page 2, a true copy of which is attached to Jerry Raymond's Declaration, as Exhibit "C."

Opportunities shares office space with Sky High Sports, LLC, and therefore should be classified as "Buildings or Premises," and charged by the square foot. The activities of Opportunities, as implied in the "Commercial General Liability

5

Declarations – Claims Made," at page 2, do not increase risk or exposure to Kinsale in the least, and it would be unfair and unjust to impose such a surcharge.

Only staff members of Opportunities, have any presence at the Sky High headquarters, at 490 Hot Springs Road, Carson City, Nevada.  Their presence and activities, result in no insured risk or exposure to Kinsale.

It must also be noted that "Article 6 INSURANCE," of the Franchise Agreement, Exhibit "B," requires that the Franchisee carry its own lability insurance, further decreasing any risk or exposure that Kinsale might otherwise have had.

**C. Whether Sky High Sports, LLC Should Be Classified As An "Amusement Centers" (Which It Is Clearly Not) Under Class Code 10015.01, As Opposed To "Buildings Or Premises – Office- Premises Occupied By Employees Of The Insured," Under Class Code 61224.01.**

The second dispute between Plaintiff, Kinsale, and Defendant Sky High Entities, and specifically Sky High Sports, LLC, is the charges by Kinsale to Sky High under the Classification Described as "Amusement Centers," Class Code 10015.01; when Sky High should be charged under the Classification Described as "Buildings or Premises – Office – premises occupied by employees of the insured," Class Code 61224.01. Please see Kinsale Insurance Company Form, "Commercial General Liability Declarations – Claims Made," at page 2, a true copy of which is attached to Ronald Raymond's Declaration, as Exhibit "A."

Sky High Sports LLC is a Management/Administration company that has nothing to do with the operation of any Amusement Centers, under which classification, Kinsale is attempting to bill Sky High.  Only staff members of Sky High, have any presence at the Sky High headquarters, at 490 Hot Springs Road, Carson City, Nevada.  It is respectfully submitted that their presence and activities, result in no insured risk or exposure to Kinsale.

Sky Highs' co-insured Ownership Companies, receive rental income for operation of the "Amusement Centers," on which Kinsale validly bases its premium charges to the Sky High Entities.  The Ownership companies then in turn, takes $25,000 of the rental income, each month, on which insurance premiums have already been incurred, and pays it over to Sky High, LLC, as a Management/Administration fee.  For Kinsale to levy an additional fee on these fees would be charging a second time on the same funds.

As stated above and as set forth in the "Commercial General Liability Declarations – Claims Made," at page 2, Sky high should be classified as "Buildings or Premises," and charged by the square foot.  The activities of Sky High, as implied in the "Commercial General Liability Declarations – Claims Made," at page 2, do not increase risk or exposure to Kinsale in the least, and it would be unfair and unjust to impose such a surcharge.

## IV. CONCLUSION

For the reasons set forth above, and in Defendants Response to Plaintiff's Statement of Undisputed Facts, there are numerous triable issues of material fact in this matter. Accordingly, the Court should find Sky High liable for the unpaid reimbursement for claims paid, according to proof. But the Court should deny Plaintiff's Motion as it pertains to Royalty Payments (Franchise Fees) which have nothing to do with the operation of an Amusement Park. Further, the Court should deny Plaintiff's Motion as it pertains to Administration Fee Payments, which have nothing to do with the operation of an Amusement Park.

Respectfully submitted.

Dated:  October 6, 2016           /s/ Kenneth D. Sisco
                                  Kenneth D. Sisco, Attorney for Sky High
                                  Sports Defendant entities